Clare J. Hoyt, J.
Respondent, a county department head, annually rates the performance of the employees in his department for the purpose of determining whether such employees shall receive a salary increment. Increments are awarded only if the rating is satisfactory. In September of 1966 respondent rated petitioner — an employee in his department — as unsatisfactory. This article 78 proceeding was instituted within four months thereafter to review that determination.
The determination is reviewable in an article 78 proceeding. While no case has been discovered that has passed on the issue of whether a performance rating is judicially reviewable and one author argues that such review is not justified (Kaplan, Law of Civil Service, p. 191), review may be had under familiar principles. Administrative decisions made in the exercise of discretion that are arbitrary and unreasonable constitute an abuse of discretion (Matter of Diocese of Rochester v. Planning Bd., 1 N Y 2d 508, 520). Under traditional concepts and by statute (CPLR 7803, subd. 3) a determination affected by an abuse of discretion is subject to judicial review. This is so even though the discretion conferred is absolute (Matter of Board of Educ. v. Allen, 6 N Y 2d 127). Of course, the court’s review is a narrow one. A determination must lack a rational *304 basis to be arbitrary and capricious (Matter of Kaplan v. O’Connell, 281 App. Div. 46, affd. 305 N. Y. 850). The inquiry then is whether on the evidence adduced there is a rational basis for respondent’s determination that petitioner’s performance was-unsatisfactory. Although much of the testimony offered by petitioner and respondent as to the manner in which petitioner performed his assigned duties related to trifling and insignificant matters, from the record as a whole the court is satisfied that there was a rational basis for respondent’s determination.
An unfortunate and unpleasant relationship has developed between the parties, one that has been intensified by this proceeding. There is neither necessity nor advantage in ascribing to either the causes of this antipathy. Suffice it to say that petitioner is employed by the respondent and petitioner’s attitude, furtiveness, lack of co-operation with and respect for his superior have justified respondent’s opinion that his work has not been satisfactory, an observation concurred in by two other members of respondent’s department who had supervision of petitioner.
The petition is dismissed.