M. Michael Potoker, J.
In this filiation proceeding the petitioner seeks to establish the respondent’s paternity of a female child born to her on November 29, 1967. When it was determined that petitioner was a welfare recipient, she was referred to the Corporation Counsel’s office for legal assistance.
When the matter was on before me on March 3,1970, a motion made by the Assistant Corporation Counsel assigned to the case for leave to withdraw because of petitioner’s failure to co-operate in the prosecution of the case, despite previous admonishments by the court, was granted.
Simultaneously the Corporation Counsel’s motion to join the Commissioner of Social Services as a copetitioner was granted (Family Ct. Act, § 522; CPLR 1003). The sole question remaining was the role of the child in this filiation proceeding where the natural mother has thus far failed to adequately protect her interests and is in fact perpetuating the child’s illegitimacy by default after having commenced a paternity action against the respondent herein.
From time immemorial the world has expressed concern for the child born out-of-wedlock. The Talmud is replete with discussions engaged in by rabbis and scholars in reference to such children. Rabbis have held that the child of an unmarried woman is not illegitimate (Kiddushin 73a) and that any circumstantial evidence which can remove the doubt of his birth renders them legitimate (Kiddushin, 73b).
*715 Under the common law, the child out-of-wedlock was nullius filius, nobody’s child, and there was no obligation upon the father to give his name or furnish support to the child.
The stigma that attaches to an illegitimate child unless corrected is one that he will have to bear for the rest of his life. Judge Pan-ken, a former Justice of the Domestic Relations Court, in discussing this exact point in “Saks” v. “Saks” (189 Misc. 667, 668) stated: “ It may be said that to call a child illegitimate because it was born either out of wedlock or conceived by one other than the husband of its mother is incongruous. Certainly the child is not at fault. Unfortunately, illegitimacy is regarded as a stigma upon the child. The stigmatization should be applied either to the mother or to both the mother and father, rather than to the child.”
It would be logical and consistent that the Family Court, which is dedicated to the proposition of the “best interests of the child,” appoint an attorney to represent the child in a proceeding which may affect its entire life particularly when the natural mother is remiss in her duty to do everything in her power to legitimatize her child. Once there is an order of filiation, the respondent father is responsible for ‘‘ a reasonable sum for the support and education of the child until the child is twenty-one. ’ ’ (Family Ct. Act, § 545.) Arising as an incident of such order is the right of the child to bear his father’s name, (Family Ct. Act, § 543), to inherit from the father’s estate (EPTL 4 — 1.2), to receive workmen’s compensation death benefits (Workmen’s Compensation Law, § 2, subd. 11) veterans’ administration benefits, and social security.
Article 12 of the CPLR, entitled ‘ ‘ Infants and Incompetents, ’ ’ deals with actions and suits brought by and against infants and explicitly provides in all such matters an infant must be represented by a parent, guardian of property or guardian ad litem to protect and represent its interests. (See Pacilio v. Scarpati, 165 Misc. 586.) No civil action can be settled regarding an infant without the consent of the court. There are many precedents for appointing an attorney to represent a child in a legal proceeding. The courts in speaking of the question of legitimacy of children resulting from divorces or annulments of marriage has stated ‘ ‘ Where legitimacy of children is in issue, it is imperative that a guardian be appointed for the purpose of protecting their interests.” (Fishbein v. Fishbein, 179 App. Div. 883; Hines v. Hines, 12 Misc 2d 486; Cesareo v. Cesareo, 134 Misc. 88, Cuyno v. Cuyno, 61 N. Y. S. 2d 530.)
Whatever doubt there may have existed that an illegitimate child is a person was laid to rest by the United States Supreme *716 Court in Levy v. Louisiana (391 U. S. 68). Illegitimate children are not “ nonpersons ”, the court declared, “ They are clearly 1 persons ’ within the meaning of the Equal Protection Clause of the Fourteenth Amendment.” (See, also, Glona v. American Guar. Co., 391 U. S. 73.)
A child charged with juvenile delinquency or being a person in need of supervision is entitled to counsel at every stage of the proceeding (Family Ct. Act, § 741; Matter of Gault, 387 U. S. 1). In delinquency, persons in need of supervision and neglect proceedings where independent legal representation is not available to the minor by reason of inability to pay other counsel or other circumstances, the Family Court does on its own motion appoint a Law Guardian to act in that capacity (Family Ct. Act, §§ 241, 242, 249).
No such automatic or mandatory provision appears in article 5 — Paternity Proceedings — of the Family Court Act nor is such requirement provided for under case law. However, a reading of the Committee Comments appearing in McKinney’s edition of the Family Court Act (volume 29A, part 1 Judiciary — Court Acts, Comment No. 2, p. 242) provides the clue to resolving the court’s problem in the following language: ‘‘ Purpose of new section. This jurisdictional grant is designed to permit the Family Court to draw upon all its resources in protecting and caring for the innocent child of an illicit relation.”
In an article entitled “ The Non-Marital Child — New Conceptions for the Law of Unlawfulness,” (vol. 1, No. 2, p. 7, June, 1967 Family Law Quarterly published by the American Bar Association Section of Family Law), Professor Harry D. Krause of the University of Illinois urges the appointment of a guardian ad litem or a legal representative in every paternity proceeding. “ The interest of the welfare authorities as well as the notion that the father is punished for misconduct when the support obligation is imposed on him should be downgraded. It should be recognized clearly that the interest primarily at stake in the paternity action is that of the child. This requires that the child, by his representatives (and his mother should not act as his representative), must be a party to an action involving his paternity, regardless of other parties who also may be permitted to bring the paternity action. ’ ’
A fortiori, where the natural mother as here who for some unknown reason has lost interest in pursuing her legal remedies, the appointment of a legal representative for the child is definitely called for both in the interests of justice and in compliance with the purposes of the Family Court Act as enunciated in the comments made by the committee, supra.
*717 Accordingly, on the court’s own motion, a Law Guardian is assigned to represent the child in question. In making such appointment the Family Court is indeed drawing ‘‘ upon all its resources in protecting and caring for the innocent child of an illicit relation.”