OPINION OF THE COURT
Harold J. Hughes, J.
In this proceeding petitioner challenges his “below expected level” performance evaluation as arbitrary and capricious and asserts that the administrative appeal process for reviewing performance evaluations violates his constitutional rights to due process and equal protection because it does not provide for right to counsel and a full adversary hearing.
Petitioner is an associate vocational rehabilitation counselor in charge of the Poughkeepsie Office of Vocational Rehabilitation. On November 28, 1979 he received a performance evaluation rating of “below expected level”. Petitioner challenged this rating and pursued his administrative appeals to: the agency performance evaluation review *143 board; the Commissioner of Education; and finally the three-member panel comprised of the director of employee relations, the president of the Civil Service Commission, and the director of the budget (9 NYCRR 147.8). At all levels in the administrative process petitioner’s appeal was denied. In this proceeding petitioner pursues a two-prong attack upon the determination under review, to wit: (1) the administrative appeal procedure set forth in 9 NYCRR 147.8 is constitutionally defective in not affording the right to counsel and a full adversary hearing; and (2) the determination is irrational as the evidence in the record establishes that petitioner’s performance has been “superior”.
The purpose of a performance evaluation of managerial and confidential State employees is to increase productivity and improve efficiency by providing incentive for excellence (9 NYCRR 147.0). This goal is effectuated by the means of performance advancement and performance award payments to eligible employees. Eligibility is determined by an employee’s performance evaluation with five ratings possible, to wit: superior, above expected level, at expected level, below expected level, and below minimum level. A rating in the last two categories renders an employee ineligible for advancement or incentive award. There is a three-step administrative appeal process available to an employee dissatisfied with a performance evaluation with “a right to a personal appearance” at the first level before the agency performance evaluation review board and no right to a personal appearance at the remaining two levels of administrative review (9 NYCRR 147.8).
There is no constitutional right to a full adversary hearing simply because a State employee has been given an unsatisfactory performance rating by the employer (Matter of Anderson v Rogers, Supreme Ct, Albany County, June 22, 1978, Cholakis, J.). That is so because the possibility of receiving performance advancement or performance award payments due to a good job performance evaluation does not rise to the level of a property right requiring due process protection (Matter of Rock v Trustees & Chancellor of State Univ. of N.Y., Supreme Ct, Albany County, Oct. 19, 1976, Casey, J.). Aside from constitutional requirements, there is no statutory or court-created *144 right to an adversary hearing with respect to job performance evaluations (Mendleson v Hennessy, Supreme Ct, Albany County, Aug. 22,1979, Weiss, J.). The administrative procedure here need not, and does not, provide for an adversary hearing and consequently there is no right to counsel (Administrative Hearings-Aid of Counsel, Ann., 33 ALR3d 229, § 5). The interjection of counsel into this process would frustrate and impede the program by turning the simple evaluation of an employee by his employer into a contested complex procedure (Matter of Cosme v Board of Educ., 50 Misc 2d 344, affd 27 AD2d 905, mot for lv to app den 19 NY2d 972). The rights of the employee can be adequately protected, no doubt with the assistance of capable counsel, by means of judicial review under CPLR article 78.
Turning to petitioner’s rating, it must be upheld if not irrational (Matter of Douglas v Miller, 55 Misc 2d 303, affd 31 AD2d 889). A determination is irrational if there is no support for it in the record. Subdivision (d) of section 147.8 of title 9 of the Official Compilation of Codes, Rules and Regulations of the State of New York provides in pertinent part: “In the case of an appeal of a rating of‘below expected level’ or ‘below minimum level’, the burden of proof shall rest with management”. The court has reviewed the return provided by respondents and cannot find any evidence in the administrative record that would support petitioner’s performance evaluation. The only adverse material is the conclusory statements contained in petitioner’s performance evaluation. There is no indication as to what information or evidence these derogatory opinions were based upon. It appears that the agency performance evaluation review board met on February 1, 1980, with Mary Brady and Joseph Piccolino, petitioner’s supervisors, and discussed the appeal. However, no transcript or notes of those interviews have been made a part of the record. The court fails to discern how it or, for that matter, Commissioner Ambach or the State-wide performance evaluation appeals panel, could determine whether the evaluation was rational, without being privy to the basis for the evaluation. Accordingly, this matter will have to be remanded for a new round of administrative appeals in which respondents *145 shall at least make summaries of the interviews relied on in making administrative determinations in order to permit intelligent judicial review (Matter of Rodriguez v Ward, 64 AD2d 792).
Judgment shall be entered, without costs, annulling the decision of the State-wide performance evaluation appeals panel dated October 1,1980, the determination of Commissioner Ambach dated August 1, 1980, and the determination of the agency performance evaluation review board dated February 4, 1980 and remanding this matter for further administrative action not inconsistent with this opinion.