No. 80-369

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

STATE OF MONTANA, DEPARTMENT OF REVENUE,
DEPARTMENT OF SOCIAL REHABILITIVE SERVICES,
et al.,

Petitioners and Appellants,

vs.

ALFRED J. WILSON,

Respondent and Respondent.

No. 80-423

STATE OF MONTANA, DEPARTMENT OF REVENUE,
DEPARTMENT OF SOCIAL AND REHABILITATION
SERVICES, et al.,

Petitioners and Appellants,

vs.

ROBERT JAMES FATZ,

Respondent and Respondent.

Appeal from:  District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellants:

Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
James, Gray & McCafferty, Great Falls, Montana
Brian Bulger argued, Great Falls, Montana
*Tom Budewitz Dept of Revenue, Helena Mt*

For Respondents:

Fausto Turrin argued, Great Falls, Montana
Asselstine & Cruikshank, Great Falls, Montana
Brett C. Asselstine argued, Great Falls, Montana

Submitted:  June 10, 1981

Decided:  August 11, 1981

Filed:  AUG 11 1981

*Thomas J. Kearney*

Clerk

Honorable Mark P. Sullivan, District Judge, delivered the Opinion of the Court.

This is an appeal from judgments granted respondents by the District Court of the Eighth Judicial District in paternity actions brought against them by the Department of Revenue and the Department of Social and Rehabilitation Services (SRS).

Respondents had moved for judgments contending that the statute of limitations on the determination of paternity, section 40-6-108, MCA, had run at the time appellants filed the petitions. In granting the motions, the District Court dismissed the petitions filed by the State. Appellants allege the statute of limitations is unconstitutional and should be struck down.

A male child was born out of wedlock to E.F.L.R. on March 22, 1976. At approximately the same time, the mother applied to the state for public assistance, including support for the child, and gave SRS sufficient information which would be enough to start a paternity action against Alfred J. Wilson II. The State also obtained an assignment of the mother's claim for support from the putative father when the baby was born. The State brought action against Wilson on May 22, 1979, more than three years after the birth of the child. The District Court dismissed the action on motion of the putative father.

On August 11, 1972, M.L. gave birth to a male child. Sometime thereafter the State of Montana became an interested party because the mother assigned her rights to support to SRS. On August 4, 1980, eight years after the child's birth, SRS filed a petition against Robert James Fatz to establish paternity and obtain support moneys.

Thereafter, on August 27, 1980, counsel for Robert James Fatz filed a motion to quash the order to show cause requiring blood tests and a motion to dismiss the petition. On September 5, 1980, oral arguments were heard by the Honorable Joel G. Roth and on September 23, 1980, the court granted respondent's motion to dismiss.

The issue before this Court is whether the three-year statute of limitations on the determination of paternity in section 40-6-108(3), MCA, violates the equal protection provision of the Fourteenth Amendment of the United States Constitution and Article II, Section 4 of the Montana Constitution.

An equal protection issue is presented in this case. Appellants contend that children born out of wedlock, as a class, are treated differently from children born in wedlock because the first class loses rights during infancy for determination of paternity and child support. In particular, the child born out of wedlock may not maintain a support action against the paternal parent after three years from the date of birth of the child. Section 40-6-108(3), MCA. Children born in wedlock, whose paternal parent is presumed, do not face a statute that bars such actions.

Children born out of wedlock are not the sole parties that concern this Court. We also must consider the power of the State through its agencies to bring actions of paternity under section 40-6-107, MCA. State agencies derive their power to bring paternity actions by way of this statute.

The Montana Constitution provides that all persons are guaranteed the equal protection of the laws. Art. II,

-3-

Sec. 4, 1972 Mont. Const.

## Children Born Out Of Wedlock

As to children born out of wedlock, we find that section 40-6-108, MCA, does create an unfair burden and unfairly discriminates against these children. The statute of limitations, as applied, is unconstitutional with respect to children born out of wedlock. The statute prevents any guardian, guardian ad litem or next friend of the child from maintaining an action for support from the paternal parent three years after birth of the child.

Classifications of this nature are invalid under the Fourteenth Amendment to the United States Constitution, if they are not substantially related to a permissible state interest. Mathews v. Lucas (1976), 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651. The limitations statute constitutes an overly-broad restriction on the rights of children born out of wedlock.

The Supreme Court of North Carolina addressed this same issue recently in County of Lenoir ex rel. Cogdell v. Johnson (1980), 46 N.C.App. 182, 264 S.E.2d 816. The court's statement has application here:

> "In the case sub judice, defendant argues that [the statute] bears a substantial relationship to the State's interest in preventing the litigation of stale or fraudulent claims. We disagree. As we stated previously, a child is entitled to support from its father throughout its minority. Therefore, a child's claim for such support at any time during its minority can never be said to be stale. Nor is [the statute] substantially related to the State's interest in preventing the litigation of fraudulent claims. We have no reason to believe that the mere passage of time bears a direct relation to the truth of the claim asserted. Moreover, the need of a child to

> receive adequate support manifestly outweighs
> the relation the statute of limitations may
> have to the prevention of fraudulent claims.
> . . . "  264 S.E.2d at 821.

The rights of the child cannot be so compromised during its infancy. The child born out of wedlock cannot be barred access to our courts during infancy. Art. II, Sec. 13, 1972 Mont. Const.

Recently, we examined the scientific advances in blood testing in determining paternity and the discretionary power of the District Court. Rose v. Dist. Court of Eighth Judicial Dist. (1981), ___ Mont. ____, 628 P.2d 662, 38 St.Rep. 830. The newly-developed, greater percentage of accuracy in determining paternity allows greater protections for the alleged father from fraudulent claims. In light of these advances, the standard of proof required in paternity actions and the discretion granted to the District Court in pretrial hearings, it is concluded that the purpose of section 40-6-108(3), MCA, as applied to the child through a guardian ad litem or other representative, is minimal or nonexistent compared to the interest of the child in obtaining support from his paternal parent.


State Agencies

This Court does uphold the statute of limitations as against the State where a state agency, such as the Department of Revenue or the Department of Social and Rehabilitation Services, derives a right from the mother of the child born out of wedlock to bring a claim for reimbursement for child support through paternity actions. The interest of the State in these matters is economic, and the power of the State to continually threaten its citizens in paternity

actions must always be thoroughly examined and not taken lightly.

The State is not a child. In reality, it cares not so much about the relationship of father and child but more about economic reimbursement for welfare and other dependent aid. The rights given to the State are not equal to the rights and interests of the child or the reasons or necessity for finding the child's father. The statute of limitations, therefore, provides a protection against the inadvertence and delay of the State in actions for paternity. The paternal parent protection offered by the statute as against the State has a substantial relation to the intended purpose and, therefore, is constitutional.

We note that the tolling statute, section 25-1-102, MCA, by its terms, has not been made applicable to Uniform Parentage Act cases. The matter of providing a proper tolling statute for minors, at least, is called to the attention of the legislature for future action.

The judgments of the District Court as to the state agencies are affirmed.

Honorable Mark P. Sullivan,
District Judge, sitting in
place of Mr. Justice John C.
Harrison

We concur:

_John C. Sheehy_

_Gene B. Daly_

_Daniel J. Shea_

_____

Justices

Mr. Chief Justice Haswell, dissenting:

I would reverse.

I agree that the statute of limitations is unconstitutional as to an illegitimate child for the reasons stated by the majority. In my view it is equally unconstitutional against the State whose claims are derived through and equal to those of the illegitimate child to whom it has furnished support.

The statutes of this State provide:

> "40-5-109. Remedies of state or political subdivision furnishing support. If a state or a political subdivision furnishes support to an individual obligee, it has the same right to initiate a proceeding under this part as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support."

Here the State took an assignment of the illegitimate child's claim against his alleged father. This Court stated almost 50 years ago:

> " . . . The rule is elementary that an assignment transfers to the assignee all the right, title and interest of the assignor in the property assigned . . ." 91 Mont. 493, 506, 11 P.2d 782.

The same principle applies to subrogation which is simply a device of equity to compel ultimate payment of a debt by one who in justice and good conscience should pay it. Skauge v. Mountain States Tel. & Tel. Co. (1977), ____ Mont.____, 565 P.2d 628, 34 St.Rep. 450. Accordingly, all the rights and remedies of the illegitimate child were transferred to the State.

Where, as here, the rights of the State and the illegitimate child are identical, how can the bar of the statute of limitations defeat the State's claim but not the illegitimate child's?

_____
Chief Justice

- 8 -