Argued and submitted September 1, decision of trial court reversed, Court of Appeals affirmed and remanded to trial court for further proceedings October 27, 1987

## STATE ex rel ADULT AND FAMILY SERVICES DIVISION,
*Respondent on Review,*

*v.*

## RONALD S. TUTTLE,
*Petitioner on Review.*

(TC D8507-65133; CA A40369; SC S34077)

744 P2d 990

Lawrence D. Gorin, Portland, argued the cause and filed the petition on behalf of the petitioner on review.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause and filed the brief for Respondent on Review. With him on the brief was Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

Linde, J., specially concurred and filed an opinion in which Gillette, J., joined.

## PER CURIAM

We accepted review of this case to consider whether a ten-year statute of limitation on filiation proceedings violates Article I, section 20 of the Oregon constitution.[1] For the reasons set out below, we conclude that the statute is unconstitutional. We affirm the decision of the Court of Appeals.

The child seeking parental support in this case turned ten years old on February 1, 1980. At that time *former* ORS 109.135(3)[2] required that filiation proceedings be commenced within 10 years of the child's birth. No such action had been brought on the child's behalf.

In July 1985, the State filed this petition to establish paternity. Defendant moved to dismiss on grounds that *former* ORS 109.135(3) barred the action. The trial court granted the motion. The Court of Appeals, in a *per curiam* opinion, reversed and remanded the case, citing *State ex rel Adult & Fam. Ser. v. Bradley,* 295 Or 216, 666 P2d 249 (1983) and *State ex rel AFSD v. Keusink,* 69 Or App 324, 684 P2d 1239 (1984). *State ex rel AFSD v. Tuttle,* 85 Or App 221, 735 P2d 1304 (1987). Defendant petitioned for review. We affirm the decision of the Court of Appeals.

In *State ex rel Adult & Fam. Ser. v. Bradley, supra,* this court struck down a six-year statute of limitations on filiation proceedings, concluding that it violated an illegitimate child's rights under Article I, section 20. We held "that restraints on the ability of illegitimate children to ascertain paternity must be imposed only for reasons relating specifically to the proof problems encountered in paternity determinations." 295 Or at 224. After considering the various

---

[1] Article I, section 20 of the Oregon Constitution reads:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which upon the same terms, shall not equally belong to all citizens."

[2] *Former* ORS 109.135(3) provided:

"A proceeding under ORS 7.215, 23.775, 23.795, 46.800, 109.070, 109.125 to 109.165 and 109.252 shall be commenced within 10 years after the birth of the child."

The Oregon Legislature in 1983 repealed *former* ORS 109.135(3). Oregon Laws 1983, ch 762 § 3. The state did not contest defendant's assertion that this action was brought pursuant to the ten-year limitation period in effect until 1983. Given this concession, we need not consider which limitation period, if any, would properly apply.

Oregon statutes that directly address these problems,[3] *id.,* we stated:

> "Although proof of paternity in some cases may become more difficult with the passage of time, that possibility does not condone the total preclusion of illegitimate children beyond a certain age from attempting to ascertain their father's identity."

*Id.*

We concluded:

> "We find that the statute of limitation is a heavy-handed substitute for particularized requirements of proof. It denies to illegitimate children the privilege of seeking support from their fathers by placing an undue burden on ascertainment of paternity which neither advances the accuracy of the outcome of the case nor diminishes the likelihood of fraudulent claims. Such an impediment to the exercise of the right to paternal support, a right which belongs equally to all children, cannot be sustained under article I, section 20 of the Oregon Constitution."

*Id.* at 225-26.

A ten-year statute of limitation is little better tailored to the task of curing the evidentiary problems inherent in filiation proceedings than was the six-year limitation period struck down in *Bradley,* nor is it a significantly lesser violation of the child's Article I, section 20 rights. Petitioner has not persuaded us that we should depart from our reasoning in *Bradley.* Following *Bradley,* we conclude that *former* ORS 109.135(3) is unconstitutional.

The decision of the trial court is reversed; the decision of the Court of Appeals is affirmed. The case is remanded to the trial court for further proceedings.

---

[3] Specifically, this court noted that:

"ORS 109.252 requires the use of blood tests if requested by a party, and under ORS 109.258 a defendant must prevail when all experts conclude that the test results eliminate the possibility of his paternity. ORS 109.145 requires corroborating evidence of paternity in addition to the mother's testimony."

295 Or at 224.

**LINDE, J.,** specially concurring.

I concur in the court's decision only because petitioner acquiesced without objection in the State's standing to attack the constitutionality of ORS 109.135(3).

Whatever may be true of time-barring a child's own action to establish its parentage, there are two reasons why the state should not be able to do so in this proceeding. First, the state is not bringing this proceeding under ORS 109.125 on behalf of the child. ORS 109.125(1)(b) permits a statutory proceeding to be initiated by a state agency, here AFSD, furnishing support to the mother for the benefit of the child. AFSD is not a guardian suing for the child under ORS 109.125(1)(c). It can be said to have been subrogated by statute to a child's support claims against the putative father. In short, AFSD is a state agency with a purely financial claim if it identifies a debtor, the father, who is not supporting the child. But there is no reason why the legislature cannot impose whatever time limit it chooses on such claim by a state agency. The agency has no standing to argue that the limitation on its purely statutory function to recover funds for the state is unconstitutional.

The second reason has wider substantive importance. To repeat, AFSD pursued the statutory filiation proceeding in the state's financial interest. But from the child's standpoint, or the mother's, a filiation proceeding involves more than money. It can involve the child's social identity. It may call for a determination of paternity, if that is disputed. ORS 109.155. It may open the door to a dispute over custody. ORS 109.175. Upon AFSD's initiative, a child may find itself possessed of a new set of relatives. A mother, having married and brought up the defendant's offspring as the child of that husband, may become divorced or widowed and then find the state agency responsible for "family services" disinterring a past relationship with the child's alleged father that she does not acknowledge and that may humiliate her and the child and destroy existing relationships. This may be an unlikely thing for AFSD to do, but ORS 109.125(1)(b) does not require the consent of the mother or the child to initiate a filiation proceeding. Nor does the statute require that either the mother or the child be made a party or that the child's interest be represented through a guardian ad litem, even though the issue of

its paternity touches its interests far beyond the recovery of support payments.

The point is that there may have been a good or at least a constitutional reason why AFSD could not initiate such a proceeding more than ten years after the birth of the child. Perhaps in some contexts this limitation in *former* ORS 109.135(3) could deny a child equal privileges or equal protection under the Oregon and United States Constitutions that were enjoyed by children born in wedlock. If so, a guardian under ORS 109.125(1)(c) might challenge the former statute on the child's behalf. But without the child's participation, AFSD could not assert that the statutory limitation denied *its* equal privileges or protection, particularly when a filiation proceeding with an unrestricted time limitation, possible even after the child has reached adulthood, would do more harm than good for the child. Nor is the State helped for this purpose by the statutory "assignment" of the child's purely financial support claim against a putative father identified by AFSD, ORS 418.042(1).

I realize that defendant may not have argued this issue because it may have appeared settled in *State ex rel Adult & Fam. Ser. v. Bradley,* 295 Or 216, 218 n 1, 666 P2d 249 (1983), in which Judge Gillette and I did not participate. For the reasons stated above, I think the statement in the cited footnote, that AFSD sues "on behalf of the child," is wrong. Nevertheless, as no objection was made and the State was not asked by this court to rebrief the point, I concur in the disposition of this case.

Gillette, J., joins in this specially concurring opinion.