Harvey D. SHEEHAN and Andrea L. Sheehan, as Trustees (Debtors–in–Possession) of The Chapter 11 Estate of Harvey D. Sheehan and Andrea L. Sheehan, d/b/a/ J.E.S. Farms, Plaintiffs and Appellants,

v.

UNITED PACIFIC INSURANCE CO., Defendant and Appellee.

MORRIS IRRIGATION, INC., Johnson Bros. Company, and United Pacific Insurance Co., Defendants and Third Party Plaintiffs,

v.

TKD, INC., f/k/a Johnson Pump Co., Inc., Reinke Manufacturing, Inc., Jean M. Morris, Milton L. Morris, Leland Johnson and Keith Johnson, Third Party Defendants.

No. 16393.

Supreme Court of South Dakota.

Argued Feb. 13, 1989.

Decided April 26, 1989.

Rehearing Denied June 1, 1989.

Ron Clabaugh of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plain-

tiffs and appellants; George A. Bangs and Mark F. Marshall of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, on the brief.

Phil Bruner of Hart, Bruner & O'Brien, Minneapolis, Minn., for defendant and appellee United Pacific Ins. Co.; Patrick J. O'Connor, Jr. of Hart, Bruner & O'Brien, Minneapolis, Minn., Gary F. Colwill of Schmidt, Schroyer, Colwill & Barnett, Pierre, on the brief.

AMUNDSON, Circuit Judge.

Plaintiffs, Harvey and Andrea Sheehan (Sheehan), appeal from a trial court order dismissing their cause of action against defendant united Pacific Insurance Company (United Pacific). We reverse and remand for trial.

## FACTS

In *Sheehan v. Morris Irr.,* 410 N.W.2d 569 (S.D.1987) (*Sheehan I*), we reversed and remanded the dismissal of Sheehan's complaint against United Pacific. We held that the two-year limitation period in United Pacific's bond was void and that Sheehan had commenced the action in a timely fashion.

After *Sheehan I,* the 1988 South Dakota Legislature enacted House Bill 1333 (HB 1333), 1988 S.D.Sess.L. ch. 382, entitled "An Act to revise certain provisions relating to the limitations of actions under contract and to validate certain contract provisions." Since it contained no emergency clause, HB 1333 became effective on July 1, 1988.

Section 1 of HB 1333 amended SDCL 53-9-6 and authorized a surety contract to limit the time for enforcement to not less than two years. Section 2 of HB 1333 cured, legalized and validated any surety contract provision limiting the time for enforcement of a party's rights which had been entered into prior to the effective date of the act.

United Pacific filed a motion for summary judgment in May 1988 based on the two-year suit limitation and the 1988 legislative amendments to SDCL 53-9-6. A hearing was held on this motion on June 14, 1988, which was prior to the July 1 effective date of the 1988 amendments to SDCL 53-9-6. The trial court granted United Pacific's motion and held the amended statute constitutional. The trial court entered the order and summary judgment dismissing Sheehan's claims against United Pacific on August 8, 1988. Hence, this appeal.

## DECISION

Sheehan commenced this lawsuit on or about April 8, 1986. *Sheehan I* was decided on August 12, 1987. HB 1333 passed both Houses of the South Dakota Legislature during the Sixty–Third Session which began on January 12, 1988, and concluded on March 14, 1988. This legislation was not passed as an emergency measure by the legislature. Therefore, its effective date was July 1, 1988. *See* SDCL 2-14-16.

In our very recent decision of *Baatz v. Arrow Bar,* 426 N.W.2d 298, 303 (S.D. 1988), this court dealt with the dismissal of an action based on legislation enacted after the action was commenced. In *Baatz,* we held as follows:

It is settled law in this state that a statute will not operate retroactively unless the legislative act *clearly expresses an intent that it so operate. Matter of Adams,* 329 N.W.2d 882 (S.D.1983); *State ex rel. Van Emmerik v. Janklow,* 304 N.W.2d 700 (S.D.1981); *First Nat. Bank of Minneapolis v. Kehn Ranch,* 394 N.W.2d 709, 716 (S.D.1986). *See also* SDCL 2-14-21. "Also, under SDCL 2-14-24, *no civil action commenced before the present code of laws took effect is affected by its provisions." First Nat. Bank, supra* at 716. Accordingly, we conclude that the Baatz lawsuit filed against Arrow Bar in 1984 is not affected by a statute subsequently enacted in 1985. (emphasis added).

This lawsuit was commenced prior to the effective date of HB 1333. In fact, the motion for summary judgment was orally granted before the effective date of the legislation. (*See,* Transcript of June 14, 1988, at p.3.) Accordingly, we hold that

Sheehan's lawsuit is not affected by the subsequent amendment to SDCL 53–9–6 which became effective on July 1, 1988.

Sheehan attacks HB 1333 alleging constitutional deficiencies. This court has consistently deferred deciding a constitutionality question when the cause under review can be determined on the record without reaching the constitutional issue. *See Baldwin v. First Nat. Bank of Black Hills,* 362 N.W.2d 85 (S.D.1985). The question of the constitutionality of HB 1333 will have to be decided, if necessary, at a later date in a case which cannot be decided without addressing that question.

United Pacific argued that *Sheehan I* had the potential to "reap havoc" upon the construction industry. Therefore, the legislature, showing its concern, enacted HB 1333. The holding in this case affects only one surety bond. If United Pacific estimated incorrectly how this court would rule in *Sheehan I,* that must be considered as a risk of doing business. Further, this case has now come before this court on two occasions. Neither appeal has dealt with the merits of Sheehan's claim under the surety bond, which was provided for the performance of labor and installation of materials under Phase I and II of the contract between Sheehan and Johnson Bros. Company and Morris Irrigation, Inc., a joint venture. Sheehan still carries the burden of proving, after this decision, their right to have United Pacific remedy any default of the contractor pursuant to the terms and conditions of the contract and the bond. This court agrees that surety bonds differ in their purpose from insurance contracts providing coverage for general liability claims, as urged by the appellee.

We reverse and remand for trial.

MORGAN, and SABERS, JJ., and GERKEN, and TAPKEN, Circuit Judges, concur.

AMUNDSON, Circuit Judge, sitting for WUEST, C.J., disqualified.

GERKEN, Circuit Judge, sitting for HENDERSON, J., disqualified.

TAPKEN, Circuit Judge, sitting for MILLER, J., disqualified.