Kay Lynn WEEGAR, f/k/a Kay Lynn Oien, and Carol Auringer, Guardian Ad Litem for Casie Lane Kenyon, a/k/a Casie Lane Oien, Plaintiffs and Appellants,

v.

Michael Steven BAKEBERG, Defendant and Appellee.

No. 18647.

Supreme Court of South Dakota.

Argued Oct. 19, 1994.

Decided Feb. 8, 1995.

Karen A. Hattervig, East River Legal Services, Sioux Falls, for plaintiffs and appellants.

Thomas J. Farrell, Strange, Farrell, Johnson & Casey, P.C., Sioux Falls, for defendant and appellee.

WUEST, Retired Justice.

Kay Weegar and her minor daughter, Casie Kenyon, through a guardian ad litem, appeal the circuit court's dismissal of their paternity action brought under the 1979 version of SDCL 25-8-9. Weegar and Kenyon claim the two-year statute of limitations in that version of the statute is unconstitutional. Kenyon further claims her minority status tolls the statute of limitations in any action brought by her. Because we find the statutory period at issue violates Kenyon's constitutional rights to equal protection under the Fourteenth Amendment, we reverse and remand for trial.

## FACTS

Kay Weegar gave birth to Casie Kenyon, her daughter, in 1979 out of wedlock. When her child was born, Weegar was receiving Aid to Families with Dependent Children (AFDC) from the State of South Dakota. She assigned her right to receive child support to the State and named Michael Bakeberg as the putative father of her child.

In 1979, the statute of limitations under SDCL 25-8-9 to bring a paternity action was two years. In June, 1979 a summons and complaint for paternity was executed and service of process was attempted. It was learned at that time that Bakeberg had left the state for California. Though attempts were made, no action was brought by either Weegar or the State of South Dakota to establish paternity within this two year period. In 1983, the statute was amended providing six years to bring such an action. The State, through its Department of Social Services (DSS), sued Bakeberg for child support under the amended statute. Bakeberg moved to dismiss the action, raising the two-year statute of limitations. The trial court denied his motion, holding the two-year statute of limitations was unconstitutional. The court's decision was not appealed. Blood

tests performed in 1984 established a 99.5561% probability that Bakeberg was the father of Casie. DSS settled its claim against Bakeberg in 1985 and the case was dismissed without prejudice to Weegar.

Kay Weegar, who had since married and was living in Florida, was unaware of the settlement. When she contacted DSS in 1992 to assist her in establishing paternity, DSS declined based on its 1985 settlement with Bakeberg. Weegar and her daughter, Casie, now aged fifteen, then brought an action of their own to establish paternity and payment of child support from 1985 to the present. This appeal arises from the trial court's dismissal of that action.

### ANALYSIS AND CONCLUSION

South Dakota's statute of limitations regarding paternity actions, SDCL 25–8–9, has undergone multiple revision. In 1979, when Kenyon was born, the statute provided a two-year period within which to bring a lawsuit to establish paternity. At that time, the statute read:

Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been judicially established, or has been acknowledged by the father in writing or by the furnishing of support.

In 1983, the statute was amended to provide a six-year period within which to bring such actions. In 1986, the statute again underwent revision to allow an eighteen-year period with retroactivity to July 1, 1986. In 1989, the statute underwent its final revision deleting the retroactivity provision.

In this appeal we are not asked whether new legislation can revive a time-barred action. Recent South Dakota case law has upheld the barring of actions not filed within the statutory time limitations. *Dotson v. Serr,* 506 N.W.2d 421 (S.D.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1218, 127 L.Ed.2d 564 (1994); *Hove v. Doese,* 501

N.W.2d 366 (S.D.1993).* The direct issue in this appeal is whether the 1979 version of SDCL 25–8–9 which provides a two-year statute of limitations for bringing paternity actions is constitutional. We believe the two-year statute of limitations to establish paternity is unconstitutional and we reverse.

In *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982) the United States Supreme Court held a one-year statute of limitations to establish paternity was a violation of the Equal Protection Clause of the Fourteenth Amendment. Since its decision in *Mills,* the Court has held both two-year and six-year statutes of limitations to establish paternity to be unconstitutional. *Pickett v. Brown,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983); *Clark v. Jeter,* 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988). In *Clark,* the Court cited the analysis, under intermediate scrutiny, used to evaluate equal protection challenges to statutes of limitation to establish paternity:

"First, the period for obtaining support ... must be sufficiently long in duration to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf. Second, any time limitation placed on that opportunity must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims."

*Clark,* 486 U.S. at 462, 108 S.Ct. at 1914 (quoting *Mills,* 456 U.S. at 99–100, 102 S.Ct. at 1555).

Regarding the first prong, the Court noted the persistent emotional and financial problems which are likely to afflict the child's mother and affect her ability to bring a paternity action. These problems "could stem from her relationship with the natural father or ... from the emotional strain of having an illegitimate child, or even from the desire to avoid community and family disapproval [and] may continue years after the child is born. The problem may be exacerbated if, as often happens, the mother herself is a

---

* The author of this opinion and Justice Sabers dissented in both *Dotson* and *Hove* because we believed the two-year and the six-year statutes of limitation on actions to establish paternity were unconstitutional. However, both cases were decided on other grounds and the constitutional issue was not addressed by the majority opinions. The present case places the constitutional question squarely before us.

minor." *Clark*, 486 U.S. at 463, 108 S.Ct. at 1915 (quoting *Mills*, 456 U.S. at 105, n. 4, 102 S.Ct. at 1558, n. 4). The Court also noted that "financial difficulties are likely to increase as the child matures and incurs expenses for clothing, school, and medical care." *Clark*, 486 U.S. at 464, 108 S.Ct. at 1915 (citing *Moore v. McNamara*, 40 Conn. Supp. 6, 478 A.2d 634, 637 (1984) (invalidating a three-year statute of limitations)).

Nonetheless, the Court rested its decision on the test's second prong, the State's interest in avoiding stale or fraudulent claims. In *Clark*, the Court noted that the Pennsylvania state legislature had recently amended the statute to permit paternity actions to be brought within eighteen years of the child's birth. The Court stated "the new statute is a tacit concession that proof problems are not overwhelming." *Clark*, 486 U.S. at 465, 108 S.Ct. at 1916. The Court also took note of the "increasingly sophisticated tests for genetic markers [which] permit the exclusion of over 99% of those who might be accused of paternity, regardless of the age of the child." *Clark*, 486 U.S. at 465, 108 S.Ct. at 1916.

■ We agree with the United States Supreme Court that two years is not of sufficient duration to afford reasonable opportunity to bring a paternity action. We note also, as in *Clark*, that our state statute has been recently amended to permit paternity actions up to eighteen years after the child's birth. This change in the statute, although required under 42 U.S.C. § 601 if the state is to continue to qualify for federal funding of Title IV, AFDC monies, is indicative that the two-year time period is not substantially related to the state's interest in avoiding stale or fraudulent claims. We hold that the 1979 version of SDCL 25-8-9, which provides a two-year statute of limitations for bringing paternity actions, fails the intermediate scrutiny test and violates the Equal Protection Clause of the Fourteenth Amendment.

Other jurisdictions have struck down similar statutes finding them to be unconstitutional under state and federal constitutions. Striking down two-year limitation periods are: *District of Columbia ex rel. W.J.D. v. E.M.*, 467 A.2d 457 (D.C.1983); *Dornfeld v. Julian*, 104 Ill.2d 261, 84 Ill.Dec. 471, 472 N.E.2d 431 (1984); *R.L.G. v. T.L.E.*, 454 N.E.2d 1268 (Ind.App.1983); *State ex rel. Rake v. Ohden*, 346 N.W.2d 826 (Iowa 1984); *Frick v. Maldonado*, 296 Md. 304, 462 A.2d 1206 (1983); *Stringer v. Dudoich*, 92 N.M. 98, 583 P.2d 462 (1978). Striking down three-year limitation periods are: *Moore v. McNamara*, 40 Conn.Supp. 6, 478 A.2d 634 (1984); *Commonwealth ex rel. Lepard v. Young*, 666 S.W.2d 735 (Ky.1983); *State, Dep't of Revenue v. Wilson*, 194 Mont. 530, 634 P.2d 172 (1981); *Lenoir County ex rel. Cogdell v. Johnson*, 46 N.C.App. 182, 264 S.E.2d 816 (1980); *Callison v. Callison*, 687 P.2d 106 (Okla.1984); *State ex rel. S.M.B. v. D.A.P.*, 168 W.Va. 455, 284 S.E.2d 912 (1981). Striking down four-year limitation periods are: *State, Dep't of Health and Rehabilitative Services, on Behalf of Gillespie v. West*, 378 So.2d 1220 (Fla.1979); *Alexander v. Commonwealth ex rel. Mills*, 708 S.W.2d 102 (Ky.App.1986). Striking down five-year limitation periods are: *Patricia R. v. Peter W.*, 120 Misc.2d 986, 466 N.Y.S.2d 994 (N.Y. 1983). Striking down six-year limitations period are: *State ex rel. Adult and Family Services Div. v. Bradley*, 295 Or. 216, 666 P.2d 249 (1983). Striking down ten-year limitations periods are: *State ex rel. Adult and Family Services Div. v. Tuttle*, 304 Or. 270, 744 P.2d 990 (1987).

■ A statute found to be unconstitutional is void from its beginning and is to be treated as if it never existed. *State v. Clark*, 367 N.W.2d 168 (N.D.1985); *McGuire v. C & L Restaurant Inc.*, 346 N.W.2d 605 (Minn. 1984); *Briggs v. Campbell, Wyant & Cannon Foundry*, 379 Mich. 160, 150 N.W.2d 752 (1967).

■ Casie further asserts that her minority status tolls the statute of limitations for any paternity action brought by her or on her behalf. We find the statute to be unconstitutional, making this argument moot for purposes of the holding of this case, but note for the record that Casie's argument is correct. SDCL 15-2-22(1) tolls the statute of limitations for most civil actions accruing to a minor until one year after reaching age eighteen. *Crisp v. Schultis*, 507 N.W.2d 567, 568 (S.D.1993). "A paternity proceeding brought

by or on behalf of the child may be governed by a statute of limitations of at least the duration of the child's minority, or by a general statute of limitations which is tolled during the infancy of the child, likewise permitting the proceeding to be brought at any time during the child's minority, or has no time bar." 14 C.J.S. *Children Out-of-Wedlock* § 81 (1991). *In re R.W.L.*, 116 Wis.2d 150, 341 N.W.2d 682, 687 (1984); *In re T.L.H. v. F.P.V.*, 701 P.2d 87, 88 (Colo.App. 1984). The trial court erred, as a matter of law, in dismissing the action for paternity brought on Casie's behalf.

MILLER, C.J., and SABERS, J., concur.

AMUNDSON and KONENKAMP, JJ., concur specially.

AMUNDSON, Justice (concurring specially).

In this case, the issue of tolling the statute of limitations for paternity adjudication during the child's minority has been raised for the first time. The majority acknowledges that tolling the statute of limitations during a child's minority is correct. I agree.

When a child is born out of wedlock, it should not and does not lose its right to receive support of the parents. SDCL 25–8–50. This tolling issue was addressed in *Payne v. P.G. Co. Dept. of Social Serv.*, 67 Md.App. 327, 507 A.2d 641, 646 (1986), wherein the court stated:

> "The right to support is, fundamentally, a right of the child . . . [the child's] interest in the determination of his father is of primary concern, and, in this respect, he is the ultimate beneficiary of the action." *Id.* 507 A.2d at 646 (citations omitted). Thus, when a paternity action is brought to obtain support for a minor child born out of wedlock, the statute of limitations applicable by analogy in equity is the three-year provision of § 5–201 of the Courts Article, but it is tolled pursuant to the provisions of § 5–201, as is the case with other causes of action that accrue to benefit of minors. (Citations omitted.)

This holding places Maryland in line with some 28 other American jurisdictions that permit such a proceeding to be brought at any time during the child's minority. *State Legislation on Child Support and Paternity*, Tenn.B.J., Jan.–Feb. 1986 at 20–25. Because of this holding it is unnecessary for us to address Payne's argument that a three-year statute of limitations, without tolling would be constitutional under (citations omitted) . . . [.] Since [child] was a minor when this action was brought, the statute is tolled as to him.

Since this court has found the statute of limitations is tolled during the minor's minority, it makes no difference whether the statute of limitations is two years, four years or six years. Therefore, this case can be decided on the merits and there is no need to address the constitutional issue. *Sheehan v. United Pacific Ins. Co.*, 439 N.W.2d 117 (S.D.1989); *Baldwin v. First Bank of the Black Hills*, 362 N.W.2d 85 (S.D.1985); *House of Seagram Inc. v. Assam Drug Co.*, 83 S.D. 320, 159 N.W.2d 210 (1968).

KONENKAMP, Justice (concurring specially).

I wholeheartedly agree with the majority's reasoning and result. Yet I fear the majority's holding may be misconstrued as approving the six-year statute of limitations enacted in 1983 (SDCL 25–8–9, amended 1986) or that by declaring the two-year statute void, our general ten-year civil statute (SDCL 15–2–8) may be understood to supplant it. *Accord* 51 AM.JUR.2D *Limitation of Actions* § 62 (1970). As Justice O'Connor expressed, "A review of the factors used in deciding that the one year statute of limitation cannot withstand an equal protection challenge indicates that longer periods of limitation for paternity suits also may be unconstitutional." *Mills v. Habluetzel*, 456 U.S. 91, 106, 102 S.Ct. 1549, 1558, 71 L.Ed.2d 770 (1982) (O'Connor, J., concurring). Whether we ever have occasion to decide if the six-year limitation period is unconstitutional remains to be seen.* The majority points out, however,

---

* The South Dakota Legislature enacted an eighteen year statute of limitations for paternity cases in 1986. 1986 S.D.Sess.L. ch. 218 § 57.

other decisions have found two, three, five, six, and ten year limitation periods unconstitutional.

In this vein, I cannot agree to declare Casie's case moot. I would hold, as the majority acknowledges, that Casie has a right to her own claim, through a guardian, conservator, or guardian ad litem, which claim is governed by the statute of limitations set forth in SDCL 15–2–22. *See Carty v. Martin,* 233 Kan. 7, 660 P.2d 540 (1983); *Spada v. Pauley,* 149 Mich.App. 196, 385 N.W.2d 746 (1986), *certification for question declined,* 425 Mich. 1203, 389 N.W.2d 85. Casie, who is now fifteen, sought the advice of an attorney and joined this suit by her own request. She chose her grandmother to act as guardian ad litem.

The better rule permits suit to be brought in the child's name because the outcome of a paternity action "directly affects the status and financial claims of the child." HOMER H. CLARK, JR., DOMESTIC RELATIONS § 4.4, at 180 (2d ed. 1988). *See also Lucey v. Torrence,* 62 Misc.2d 714, 309 N.Y.S.2d 755 (1970); Lee R. Russ, Annotation, *Right of Illegitimate Child to Maintain Action to Determine Paternity,* 19 A.L.R.4th 1082 (1983). Casie has a right as does every child to know and be supported by both parents. *See* SDCL 25–7–6.1 and former SDCL 25–7–7 (repealed 1989). The first principle in paternity actions should never be forgotten:

> It is the child's interests that are at stake. The father's duty of support is owed to the child, not to the mother. [Citation omitted.] Moreover, it is the child who has an interest in establishing a relationship to [the] father....

*Pickett v. Brown,* 462 U.S. 1, 16 n. 15, 103 S.Ct. 2199, 2208 n. 15, 76 L.Ed.2d 372 (1983). Indeed, the Washington Supreme Court has declared that a child has a constitutional right to be made a party in these types of cases. *State v. Santos,* 104 Wash.2d 142, 702 P.2d 1179 (1985).

Bakeburg argues that adding Casie to this suit was a "tactic" to "circumvent" the two year statute of limitations and avoid this Court's holdings in *State of Minnesota, ex rel. Hove v. Doese,* 501 N.W.2d 366 (S.D. 1993), and *State of South Dakota, ex rel. Dotson v. Serr,* 506 N.W.2d 421 (S.D.1993). Those cases dealt with the rights of a putative father as against the state and the mother. Now we focus on the rights of a child. Even if the statute of limitations in paternity actions bars an action brought by the mother or the state,

> it does not bar an action by or on behalf of the child.... Here, the Social Services Department, the People, or any other interested person is free to request the appointment of a guardian ad litem for the minor child; and the child, or the guardian on behalf of the child, can bring the action even though [a statute of limitations] has expired ...

*People In Interest of T.L.H. v. F.P.V.,* 701 P.2d 87, 88–89 (Colo.App.1984). *Accord Nettles v. Beckley,* 32 Wash.App. 606, 648 P.2d 508 (1982); *Doak v. Milbauer,* 216 Neb. 331, 343 N.W.2d 751 (1984); *Huss v. DeMott,* 215 Kan. 450, 524 P.2d 743 (1974); *Perez v. Singh,* 21 Cal.App.3d 870, 97 Cal.Rptr. 920 (1971); *Sandifer v. Womack,* 230 So.2d 212 (Miss.1970); *see also Weber v. Anderson,* 269 N.W.2d 892 (Minn.1978).

By allowing Casie to maintain her case we uphold a child's independent right to identify and be supported by her father, and more— we encourage the opportunity for her to know her siblings, to join an extended family, and to claim her heritage. Many other jurisdictions recognize this important child's right. South Dakota's children deserve no less.