SANDRA DOAK, APPELLANT, v. MICHAEL MILBAUER, APPELLEE.

343 N.W.2d 751

Filed January 27, 1984. No. 83-433.

Gary R. Pearson, and Joe Kelly, Deputy Lancaster County Attorney, for appellant.

Hal W. Anderson of Berry, Anderson, Creager & Wittstruck, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Plaintiff-appellant, Sandra Doak, filed this action on October 14, 1981, praying, inter alia, that defendant-appellee, Michael Milbauer, be declared the father of a child born unto her on August 15, 1972. The trial court sustained Milbauer's demurrer, dismissed the action, and overruled Doak's motion for a new trial. This appeal followed. We affirm.

Doak assigns as error the dismissal of her amended petition, because, she argues, the 4-year period of limitations embodied in the pertinent statute is unconstitutional. More specifically, Doak claims that the period of limitations denies children born out of lawful wedlock due process and equal protection of the law in that the right of such children to support from the natural father is limited in a manner different from that of children born in lawful wedlock. Such differing treatment, argues Doak, violates the fourteenth amendment, § 1, of the U.S. Constitution and article I, §§ 1 and 3, of the Nebraska Constitution.

The pertinent statute, Neb. Rev. Stat. § 13-111 (Reissue 1977), reads as follows: ''A civil proceeding to establish the paternity of a child may be instituted

in any district court of the district where the child is domiciled or found, by the mother of such child, either during pregnancy or within four years after its birth, or by the guardian or next friend of such child. Summons shall issue and be served as in other civil proceedings, except that such summons may be directed to the sheriff of any county in the state and may be served in any county." Neb. Rev. Stat. § 13-102 (Reissue 1977) makes one whose paternity is established by court proceeding or by acknowledgment liable for the support of the child to the same extent and in the same manner as the father of a child born in lawful wedlock.

In her amended petition Doak prayed for "judgment establishing that the defendant is the natural father of her said child and for judgment against the defendant for the support of her child, costs of this action, and for such other and further relief as may be just and equitable in the premises." We note, first of all, that a prayer for equitable relief has no place or role in a nonequitable case. That matter aside, however, it is clear from other allegations that Doak seeks recovery for future support as well as for expenses and losses she incurred "during the period of plaintiff's pregnancy, confinement and recovery."

Doak's positions have their genesis in *Gomez v. Perez*, 409 U.S. 535, 93 S. Ct. 872, 35 L. Ed. 2d 56 (1973), which held that once a state grants children a judicially enforceable right to support from their natural fathers, the equal protection clause of the federal Constitution prohibits the state from denying the same right to children born out of lawful wedlock.

More recently, the U.S. Supreme Court has held that restrictions on support suits by children born out of lawful wedlock will survive equal protection scrutiny to the extent that they are substantially related to a legitimate state interest. However, the period for obtaining parental support must be long

enough to provide a reasonable opportunity for those with an interest in such children to bring suit on their behalves. Further, any time limit on that opportunity has to be substantially related to the state's interest in preventing the litigation of stale or fraudulent claims. *Mills v. Habluetzel*, 456 U.S. 91, 102 S. Ct. 1549, 71 L. Ed. 2d 770 (1982). Accordingly, *Mills* held a 1-year period of limitations too short. The later case of *Pickett v. Brown*, ____ U.S. ____, 103 S. Ct. 2199, 76 L. Ed. 2d 372 (1983), held a 2-year statute to also be constitutionally infirm. Other jurisdictions, through courts of various levels, have held limitation periods of various durations to be invalid. *Matter of M. D. H.*, ____ Ind. App. ____, 437 N.E.2d 119 (1982), 2 years; *State ex rel. S. M. B. v. D. A. P.*, 284 S.E.2d 912 (W. Va. 1981), 3 years; *State, Dept. of Revenue v. Wilson*, ____ Mont. ____, 634 P.2d 172 (1981), 3 years; *State Dept. of Health, etc. v. West*, 378 So. 2d 1220 (Fla. 1979), 4 years; *State, ex rel. Adult & Fam. Serv. v. Bradley*, 58 Or. App. 663, 650 P.2d 91 (1982), 6 years. On the other hand, *Shifter v. Wolf*, 120 Mich. App. 182, 327 N.W.2d 429 (1982), held a 6-year statute neither constituted a denial of equal protection nor produced an unfairness of constitutional magnitude.

There is, however, a major distinction between the statutes determined to be constitutionally infirm in the above-cited cases and the statute at hand. Those statutes found not to pass constitutional muster purported to bar children born out of lawful wedlock from themselves bringing the action after the specified period of limitations. We do not so read our statute.

The clear import of the language of § 13-111 is that the mother's cause of action to establish the paternity of her child in order to recover her damages is barred 4 years after the child's birth. There is, however, no such limitation on a cause of action brought on the child's behalf by a guardian or next friend to establish paternity and secure the child's

rights. Obviously, the phrase "either during pregnancy or within four years after its birth" can only modify the phrase which precedes it, "by the mother of such child," and not the phrase which follows it, "or by the guardian or next friend of such child," because only the mother, not the guardian or next friend, could be pregnant with "such child," unless it be the mother acting on behalf of her child. Accordingly, Doak's equal protection and due process arguments are misdirected. The dismissal of her petition has no effect upon her child's cause of action.

Even if the statute were subject to the construction that the child's, as well as the mother's, action is barred 4 years after the child's birth, and we believe it is not, it would be our obligation to adopt the constitutional construction we suggested earlier. Where a statute is susceptible of two constructions, under one of which the statute is valid, while under the other it is unconstitutional or of doubtful validity, that construction which gives it validity should be adopted. *State v. Evans*, 215 Neb. 433, 338 N.W.2d 788 (1983); *Nebraska P.P. Dist. v. City of York*, 212 Neb. 747, 326 N.W.2d 22 (1982).

We need not, and therefore do not, determine at this time what is recoverable by whom once paternity is established. It is sufficient to observe for the present that, for example, the owner of the right to recover for past medical expenses is different than the owner of the right to receive future support from his natural father.

In this case we need only decide, as we do, that the 4-year period of limitations bars Doak, through a cause of action brought on her own behalf, who pled no legal disability during the 4 years last preceding the filing of this action, from litigating the issue of Milbauer's paternity. Doak's arguments make no suggestion that a 4-year period for an adult to bring an action on and in her behalf is constitutionally suspect.

AFFIRMED.