STATE OF NEBRASKA ON BEHALF OF MINOR CHILD S.M., APPELLEE,
v. ROBERT E. OGLESBY, APPELLANT.
510 N.W.2d 53

Filed January 14, 1994.   Nos. S-91-646, S-91-824.

Lori L. Wilson, of Johnson & Wilson, for appellant.

Gary E. Lacey, Lancaster County Attorney, and Andrew R. Jacobsen for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

GRANT, J., Retired.

These two cases were initiated by the filing of a single petition by the State of Nebraska on behalf of minor child S.M. against defendant-appellant, Robert E. Oglesby. The petition, filed August 1, 1989, alleged that the child was born out of wedlock on June 24, 1977, and was the child of Lori Jo Tretts and defendant. The petition further alleged that the State had paid the medical expenses in connection with the birth of the child; that the child was a dependent child; and that Tretts had received "public assistance, commonly known as ADC payments." The State asked for judgment establishing that defendant was the natural father of the minor child; for support of the child from August 1, 1987; and for medical expenses in connection with the child's birth.

Defendant, by answer, generally denied the allegations of the petition and alleged that Neb. Rev. Stat. §§ 43-1406, 43-1407, 43-1411, and 43-1412 (Reissue 1988) were unconstitutional, in that such statutes authorized this action which was instituted more than 12 years after the child's birth.

Trial was held on June 26, 1990. On May 21, 1991, the court entered its order determining that defendant was the natural father of the minor child; that the statutes in question were constitutional; that defendant should pay $50 per month child support beginning on May 1, 1991; and that defendant should

pay $570 "for medical expenses incurred in relation to the pregnancy, confinement and recovery of Lori Jo Tretts in the birth of [the child]." The trial court set a date to review defendant's child support obligation. Defendant timely appealed this judgment in case No. S-91-646.

On June 13, 1991, a hearing was held on the issue of the amount of defendant's child support. After trial, defendant was ordered to pay $230 per month for support of the child, beginning July 1, 1991. Defendant timely appealed this judgment in case No. S-91-824.

In this court, since case No. S-91-646 involved the constitutionality of a statute, the appeal was treated as a direct appeal to this court. See Neb. Rev. Stat. § 24-1106(1) (Cum. Supp. 1992). The appeal in case No. S-91-824 also raised the issue of the constitutionality of the same statutes, as well as the question of the appropriateness of the strict application of this court's child support guidelines. The two cases were joined for disposition in this court.

## CASE NO. S-91-646

In this case, evidence was adduced that the child was born on June 24, 1977, and that defendant and Tretts had sexual intercourse on three occasions in September 1976. Tretts testified that defendant was the father of the child. Evidence of blood tests on defendant, Tretts, and the child was received without objection. That evidence showed "the probability of paternity [of defendant] is 99.25%."

The trial court found that defendant was the father of the child and entered an order as set out above.

Defendant timely appealed and, in this court, assigns a single error, alleging that "Nebr. Rev. Stats. Sections 43-1406-07, 43-1411, and 43-4112 [sic] [are] unconstitutional and void because they deny defendant his right to due process of law and equal protection . . . ." We affirm, as herein modified.

The appeal is directed primarily against § 43-1411 (Reissue 1988), which provided:

A civil proceeding to establish the paternity of a child may be instituted, in any district court of the district where the child is domiciled or found, by (1) the mother or the

alleged father of such child, either during pregnancy or within four years after the child's birth . . . or (2) the guardian or next friend of such child within eighteen years after the child's birth.

We note that § 43-1411 was amended by 1991 Neb. Laws, L.B. 457, § 16, and 1993 Neb. Laws, L.B. 500, § 54, in ways not affecting our determination in this case.

Defendant's position is that "[t]his statute provides for a four year limitation of a mother's or a father's right to establish paternity, yet, allows someone else to bring the action on behalf of the child within eighteen years." Brief for appellant in case No. S-91-646 at 5.

Our determination in this case was foreshadowed by our decision in *Doak v. Milbauer*, 216 Neb. 331, 343 N.W.2d 751 (1984). In that case, we considered the constitutionality of Neb. Rev. Stat. § 13-111 (Reissue 1977). Section 13-111 is now § 43-1411, which is the statute at issue in this case. In *Doak*, 216 Neb. at 334-35, 343 N.W.2d at 753, we stated:

The clear import of the language of § 13-111 is that the mother's cause of action to establish the paternity of her child in order to recover her damages is barred 4 years after the child's birth. There is, however, no such limitation on a cause of action brought on the child's behalf by a guardian or next friend to establish paternity and secure the child's rights.

In *Doak*, we held that a parent's right to initiate actions in connection with children born out of wedlock is barred after 4 years, and in this case, we hold that under the provisions of § 43-1411, actions brought by a guardian or next friend on behalf of children born out of wedlock may be brought within 18 years after the child's birth.

Defendant contends that § 43-1411 and related statutes constitute an unconstitutional "statutory scheme for the bringing of paternity actions" because of the different treatment of children, mothers, and putative fathers who do not require public assistance. Brief for appellant in case No. S-91-646 at 6. That contention is without merit. Section 43-1411 provides that *any* child, through a guardian or next friend, may assert rights to knowledge of paternity and to support for 18

years after the child's birth. Such a statute complies completely with the State's "parens patriae" role in protecting the rights of minors who are under a legal disability to sue on their own behalf. Any guardian or next friend, including the State, can bring such actions. *Drennen v. Drennen*, 229 Neb. 204, 426 N.W.2d 252 (1988), relied on by defendant, does not support defendant's position. *Drennen* held that a statutory scheme providing for different systems for handling the cases of minor children receiving public assistance and minor children not receiving public assistance was "unconstitutional as violating the equal protection clause of the U.S. Constitution and Neb. Const. art. I, § 13 and art. III, § 18." 229 Neb. at 218, 426 N.W.2d at 260. Section 43-1411 does not violate the Equal Protection Clause of either the U.S. Constitution or the Nebraska Constitution. The determination of the trial court that § 43-1411 is constitutional is affirmed.

We do note, however, that a part of the relief granted by the trial court was improper. In addition to determining the child's natural father and providing for support of the child, the trial court ordered judgment "for medical expenses incurred in relation to the pregnancy, confinement and recovery of Lori Jo Tretts in the birth of [the child]." That part of the judgment is not based on the rights of the child, but is in relation to the rights of the child's mother. As such, it was barred by the applicable 4-year statute of limitations affecting the rights of the mother or the mother's assignee. Section 43-1411 does not extend the statute of limitations for anyone other than the minor child involved.

## CASE NO. S-91-824

In case No. S-91-646, above, the court ordered defendant to pay $50 per month as support for the minor child beginning on May 1, 1991, and ordered a later review of that amount. The amount of that monthly payment was not challenged by defendant. After the review hearing, the court ordered defendant to pay $230 per month as support, effective July 1, 1991.

Defendant timely appealed that order and in this court assigns a single error: "The trial court abused its discretion in

failing to find that the strict application of the Nebraska Supreme Court child support guidelines would result in an unjust and inequitable child support order." We agree, and we reverse the order and remand the cause for further proceedings.

In its brief, the State alleges that the court applied the child support guidelines in setting the support payment. Under our Nebraska Child Support Guidelines, paragraph C, this court has provided that the guidelines shall be applied as a rebuttable presumption and that child support orders shall be established in accordance with the guidelines unless one or both parties have produced sufficient evidence to rebut the presumption that the guidelines should be applied. Paragraph C(5) of the guidelines provides that deviations are permissible "whenever the application of the guidelines in an individual case would be unjust or inappropriate."

This rule was enacted by the Supreme Court pursuant to the authority of Neb. Rev. Stat. § 42-364.16 (Reissue 1988), which provides:

> The Supreme Court shall provide by court rule, as a rebuttable presumption, guidelines for the establishment of all child support obligations. Child support shall be established in accordance with such guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the application of the guidelines will result in a fair and equitable child support order.

It is clear that child support in a paternity action is to be determined in the same manner as in cases of children born in lawful wedlock. Neb. Rev. Stat. § 43-1402 (Reissue 1988). It is further established that the trial court's award of child support in a paternity case will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Smith*, 231 Neb. 740, 437 N.W.2d 803 (1989).

The evidence before the trial court showed that the minor child in question was born to Tretts on June 24, 1977. As set out above, on May 21, 1991, defendant was determined by the court to be the father of the child. Evidence was adduced at the trial to set support for the child. The evidence showed the amount of income for both parents. The evidence also showed

that the child's mother could not remember if she had ever told defendant directly that he was the father of the child, but that "basically everybody knew." The mother testified that she and defendant did not live together, but had had sexual intercourse three times in September 1976. The child's mother was sure that defendant was the father and further testified that defendant had seen the child once in 1980 and again in 1989, at the time blood tests were taken. The child's mother testified that she would not have brought the action before the State filed because she did not want defendant involved in the child's life. The mother further testified: "I don't like what's going on. [Defendant] doesn't want to be here. I really don't want to be here. And [the child] has met [defendant] one time that he can remember."

Defendant testified that he was married in 1980 to a different woman and divorced in 1983. Defendant further testified he remarried in 1985 and that three children were born of that marriage. Defendant was supporting that family of five—himself, his wife, and the three children. Defendant further testified that he and his family lived "pay check to pay check" and had no savings.

In their briefs, both parties state that the trial court used the child support guidelines in calculating the support payment due from defendant. Our calculations do not result in the same dollar figure determined as support, but it is clear that if the guidelines were followed, defendant's support of his present family did not qualify as a deduction in calculating appropriate child support for the minor child involved herein. Worksheet 1, "Basic Net Income and Support Calculation," set out in the guidelines provides a deduction for "[c]hild support previously ordered for children not of this marriage." Defendant is living with and supporting a family and has not previously been ordered to pay child support. If the support ordered by the court in this case gives no consideration at all to the present children, we find that the trial court abused its discretion in not first determining that, under the particular facts of this case, the strict application of the guidelines would be unjust or inappropriate, as set out in the Nebraska Child Support Guidelines, paragraph C(5).

If the State of Nebraska or the mother of the child in question had petitioned for the relief sought in this case at any time between the birth of the child in 1977 and defendant's marriage to the mother of his three children in 1985, defendant would have been in a position to responsibly fulfill his obligation to the child who is the subject of this action and to the children of his later marriage. Evidence showed that the State was aware in 1977 of the mother's contention that defendant was the father of the child.

By this holding, we do not in any way hold that defendant should not be required to pay support for the minor child in this action. We hold only that under the particular facts in this case, consideration should be given to defendant's obligations to the children of his marriage.

The judgment as to the child support ordered in the modification order of July 31, 1991, is reversed, and the cause is remanded, on that issue, for further proceedings.

JUDGMENT IN NO. S-91-646 AFFIRMED AS MODIFIED.

JUDGMENT IN NO. S-91-824 REVERSED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.