STATE OF NEBRASKA, ON BEHALF OF B.A.T., A MINOR CHILD, APPELLEE, V. S.K.D., APPELLANT.

522 N.W.2d 393

Filed September 30, 1994.   No. S-92-491.

Hal W. Anderson, of Berry, Anderson, Creager & Wittstruck, for appellant.

Eugene L. Kelly for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

HASTINGS, C.J.

In this paternity action, S.K.D. appeals the judgment of the district court finding that he was the father of B.A.T., a minor child, born January 25, 1982, and ordering him to pay certain monthly support and to provide medical insurance for the benefit of the minor child. The action was brought by the State of Nebraska on behalf of the minor child. S.K.D. appeals, assigning as the sole error that the trial court failed to find that the action was barred by the statute of limitations.

Neb. Rev. Stat. § 43-1411 (Reissue 1988) provides as follows:

> A civil proceeding to establish the paternity of a child may be instituted, in any district court of the district where the child is domiciled or found, by (1) the mother or the alleged father of such child, either during pregnancy or within four years after the child's birth . . . or (2) the guardian or next friend of such child within eighteen years after the child's birth.

The petition in this case was filed on July 11, 1991. S.K.D. contends that the State is attempting to circumvent the applicable statute of limitations by substituting itself for the mother whose claim would have been barred.

In *Doak v. Milbauer*, 216 Neb. 331, 343 N.W.2d 751 (1984), the mother of a minor child sought to bring an action for support against the putative father more than 4 years after the birth of the child. Neb. Rev. Stat. § 13-111 (Reissue 1977), the predecessor to § 43-1411, provided in part that the action might be brought by the mother "within four years after its [the child's] birth, or by the guardian [ad litem] or next friend of such child." The mother contended that the statute as it existed was unconstitutional because it denied to children born out of wedlock due process and equal protection of the law. We rejected that argument, pointing out that

> [e]ven if the statute were subject to the construction that the child's, as well as the mother's, action is barred 4 years after the child's birth, and we believe it is not, it would be our obligation to adopt the constitutional construction we suggested earlier. . . .
>
> We need not, and therefore do not, determine at this

time what is recoverable by whom once paternity is established. It is sufficient to observe for the present that, for example, the owner of the right to recover for past medical expenses is different than the owner of the right to receive future support from his natural father.

*Doak v. Milbauer*, 216 Neb. at 335, 343 N.W.2d at 753.

In *State on behalf of S.M. v. Oglesby*, 244 Neb. 880, 510 N.W.2d 53 (1994), an action brought more than 12 years after the birth of the child, this court, although denying relief for medical expenses incurred in relation to the pregnancy and confinement, upheld a judgment for future support. In doing so, we said:

Section 43-1411 provides that *any* child, through a guardian or next friend, may assert rights to knowledge of paternity and to support for 18 years after the child's birth. Such a statute complies completely with the State's "parens patriae" role in protecting the rights of minors who are under a legal disability to sue on their own behalf. Any guardian or next friend, including the State, can bring such actions.

*State on behalf of S.M. v. Oglesby*, 244 Neb. at 883-84, 510 N.W.2d at 56.

A *next friend* is one who, in the absence of a guardian, acts for the benefit of an infant. *In re Beghtel's Estate*, 20 N.W.2d 421 (Iowa 1945). See, also, *Pullen v. Novak*, 169 Neb. 211, 99 N.W.2d 16 (1959) (infants have a right to sue by guardian or next friend to recover damages done to their person or property by others). The State may bring an action on behalf of a minor for future support. *State on behalf of S.M. v. Oglesby, supra*.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.