LANCE SYLVIS, A MINOR CHILD, BY AND THROUGH HIS MOTHER AND NEXT FRIEND, CONSTANCE JEAN SYLVIS, APPELLEE AND CROSS–APPELLANT, V. CHARLES WALLING, APPELLANT AND CROSS–APPELLEE.

532 N.W.2d 312

Filed June 2, 1995.   No. S–94–588.

Ronald F. Krause and Melany S. Chesterman, of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

James H. Monahan for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CAPORALE, J.

## I. STATEMENT OF CASE

Filed on April 26, 1993, under the provisions of the parental support and paternity statutes, Neb. Rev. Stat. §§ 43-1401 through 43-1418 (Reissue 1988 & Cum. Supp. 1992), this suit was instituted on behalf of the plaintiff-appellee, Lance Sylvis, a minor child born out of wedlock on February 17, 1976, by his next friend and biological mother, Constance Jean Sylvis. The minor seeks retroactive and prospective child support from the defendant-appellant, Charles Walling.

Notwithstanding that at the time the district court had under submission parts of a motion filed by Walling and that Walling had therefore not yet filed an answer, the court granted the minor's motion for partial summary judgment, decreeing that Walling was the minor's biological father. Following a subsequent trial, the district court ordered Walling to make

retroactive and prospective child support payments to the minor. Walling appealed and successfully moved that the Nebraska Court of Appeals be bypassed.

In his brief thereafter filed in this court, Walling assigned errors which claimed, in summary, that the district court acted prematurely, that the minor was not the real party in interest with respect to retroactive child support, that the cause for retroactive child support was time barred, that the evidence supported neither the finding of paternity nor the amount of retroactive child support ordered, and that prospective child support was ordered beyond the period provided by law. In turn, the minor cross-appealed, asserting that the amount of retroactive child support ordered for the period prior to 1985 is inadequate.

At oral argument, Walling waived the procedural irregularities in the premature granting of the partial summary judgment, admitted paternity, and limited his challenge to the retroactive child support ordered. Thus, the issues before us on his appeal are (1) whether the minor is the real party in interest with respect to such support, (2) if not, whether the action for retroactive child support ordered is time barred, and (3) whether the record supports the amount of retroactive child support ordered. We affirm.

## II. SCOPES OF REVIEW

In part, the issues present a question of statutory interpretation, a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. See *George Rose & Sons v. Nebraska Dept. of Revenue, ante* p. 92, 532 N.W.2d 18 (1995). However, as the issues also question the amount of retroactive child support ordered, questions of fact are also presented. While a paternity action is one at law, *State v. Smith*, 231 Neb. 740, 437 N.W.2d 803 (1989), the award of child support in such an action is nonetheless equitable in nature, *Lancaster v. Brenneis*, 227 Neb. 371, 417 N.W.2d 767 (1988). Thus, a trial court's award of child support in such an action will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State*

*on behalf of S.M. v. Oglesby*, 244 Neb. 880, 510 N.W.2d 53 (1994).

## III. ANALYSIS OF WALLING'S APPEAL

### 1. REAL PARTY IN INTEREST

In urging that the action for retroactive child support was not brought by the real party in interest, Walling contends that such action belongs not to the minor, but, rather, to whoever provided the child support.

Section 43–1401 defined child as used in the statutes as being "a child under the age of eighteen born out of wedlock." Section 43–1402 requires that the father support such a child "to the same extent and in the same manner as the father of a child born in lawful wedlock" and also made the mother liable for the child's support. Section 43–1411 provided:

> A civil proceeding to establish the paternity of a child may be instituted . . . by (1) the mother or the alleged father of such child, either during pregnancy or within four years after the child's birth . . . or (2) the guardian or next friend of such child or the state, either during pregnancy or within eighteen years after the child's birth.

Section 43–1412 provided that in the event of a judgment of paternity, the court

> shall retain jurisdiction of the cause and enter such order of support, which order of support shall include the amount, if any, of any court costs and attorney's fees which the court in its discretion deems appropriate to be paid by the father, as may be proper under the procedure and in the manner specified in section 43–1406.

To the extent relevant, § 43–1406 provided:

> If the court finds that the father, the mother, or both parents have failed adequately to support the child, the court shall issue a decree directing him, her, or them to do so, specifying the amount of such support, the manner in which it shall be furnished, and the amount, if any, of any court costs and attorney's fees to be paid by the father, the mother, or both parents.

At the time we decided *Doak v. Milbauer*, 216 Neb. 331, 333, 343 N.W.2d 751, 752 (1984), the predecessor to § 43–1411

provided that a proceeding might be instituted " 'by the mother . . . either during pregnancy or within four years after [the child's] birth, or by the guardian or next friend of such child.' " We held that although that language limited the mother to bringing the action within 4 years after the child's birth, it did not so limit the child's guardian or next friend, specifically noting that the dismissal of the mother's action had "no effect upon her child's cause of action." *Id.* at 335, 343 N.W.2d at 753. We also observed that as it was not necessary that we do so, we did not determine "what is recoverable by whom once paternity is established." *Id.*

We thereafter, in *State on behalf of Matchett v. Dunkle*, 244 Neb. 639, 643, 508 N.W.2d 580, 583 (1993), recognized that an out-of-wedlock child has the statutory right to be supported " 'to the same extent and in the same manner' " as a child born in lawful wedlock and that under appropriate circumstances, this duty required the award of retroactive child support in paternity actions.

In *Dunkle*, the trial court had established paternity but specifically declined to award retroactive child support. The sole question before us was raised by the mother's cross-appeal, which asked whether § 43–1402 gave the trial court "authority to grant child support retroactive to the date that the mother began supporting a minor child who was born out of wedlock." *Id.* at 640, 508 N.W.2d at 581. Ruling that the statute granted such authority, we remanded the cause for a determination of retroactive child support in compliance with the statutes and the Nebraska Child Support Guidelines. In so doing, we wrote:

The plain words of § 43–1402 require that an out-of-wedlock child be supported by its father "to the same extent and in the same manner" as a child born in wedlock. A parent is required to provide his or her child with the basic necessities of life. . . . It is obvious that such a requirement must begin at the time of the child's birth, for it is at that time that a child is most helpless and most dependent upon its parents for the child's very survival. . . .

When paternity is legally established, there is no rational basis to distinguish the support obligations of a

father to a child born out–of–wedlock from the support obligations of a father to a child born in wedlock, and an out–of–wedlock child should be entitled to support from its father from the time of birth under the provisions of § 43-1402. We can perceive of no other way in which an out–of–wedlock child whose paternity is legally established could be supported by its father "to the same extent and in the same manner" as a child born in wedlock.

244 Neb. at 643–44, 508 N.W.2d at 583. Thus, we determined that a mother's authority to compel the payment of retroactive child support rested on the child's right to be supported pursuant to § 43-1406.

Shortly thereafter, we applied the *Dunkle* ruling in *State on behalf of S.M. v. Oglesby*, 244 Neb. 880, 510 N.W.2d 53 (1994). Therein, the State sought to recover on behalf of the child retroactive support from the time the mother had been on public assistance and also the medical expenses the State had paid in connection with the child's birth. Noting that § 43-1411 extended the otherwise applicable 4–year statute of limitations only for the child, we held that the State could recover its expenditures for support but not for medical expenses, as no right to recover such expenses arose from the right of the child to be supported.

Thus, *Dunkle* and *Oglesby* establish that a cause of action for the retroactive support of a child born out of wedlock belongs not to the mother, but to the child. In arguing that the instant action for retroactive child support is in reality an action by the mother to recover a debt owed to her, much as is a claim for birth–related medical expenses, Walling not only ignores the reasoning and holdings in *Dunkle* and *Oglesby*, but ignores as well that an obligation for retroactive child support is not a debt. See *State v. Reuter*, 216 Neb. 325, 343 N.W.2d 907 (1984) (imprisonment for failure to pay child support not imprisonment on debt, since allowance of support of child not a debt).

## 2. TIME LAPSE

Inasmuch as § 43-1411 granted the next friend 18 years from

the minor's birth within which to bring this action and § 43–1412 empowered the district court to retain jurisdiction in order to establish the amount of child support, it necessarily follows that having been brought before the minor's 18th birthday, this action is not time barred.

### 3. AMOUNT OF RETROACTIVE CHILD SUPPORT

Lastly, Walling asserts the district court erred in using the Nebraska Child Support Guidelines in setting the amount of retroactive child support and in determining that $50 per month was the appropriate amount for the first 10-year period of the minor's life, for which period there was no evidence of his parents' incomes.

We have held that child support in a paternity action is to be determined in the same manner as in cases of children born in lawful wedlock. *Oglesby, supra*; *State on behalf of Matchett v. Dunkle*, 244 Neb. 639, 508 N.W.2d 580 (1993).

In *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991), we determined that the adoption of the child support guidelines effective October 1, 1987, constituted a material change of circumstances sufficient to justify consideration of a petition for the modification of the amount of child support ordered prior to that date. Thus, it is entirely appropriate to use the after-adopted guidelines in determining the amount of retroactive support to award a child born out of wedlock. Indeed, we have previously held that the guidelines are presumptively applicable in the setting of child support in a paternity action. *Oglesby, supra* (specific circumstances overcome presumption of applicability). See, also, *Dunkle, supra* (remanded in order that trial court might comply with child support statutes and guidelines with respect to retroactive child support).

Paragraph I of the guidelines recommends that "even in very low income cases, a minimum support of $50 per month be set." It is true that the stated purpose of such minimum support is to "help to maintain information on [the] obligor . . . and . . . encourage such person to understand the necessity of supporting" his children and that such reasoning may not apply in this instance. Nonetheless, the fact remains that in the

absence of evidence establishing that $50 per month is excessive, the amount is presumptively correct.

There being no evidence that the $50 per month ordered is excessive, we cannot say the district court abused its discretion.

## IV. MINOR'S CROSS-APPEAL

As first noted in part I above, the minor claims the retroactive child support ordered for the period prior to 1985 is inadequate and urges that in setting the amount of child support the district court should have taken judicial notice of the child support ordered in four district court cases in which his attorney had been involved. The analysis in part III(3) above presages the outcome here.

Not only are the records of the other four cases not in the record, the suggestion that such a method provides relevant evidence of the appropriate amount of retroactive child support in this case is as nonsensical as it is novel.

Indeed, because of the lack of evidence concerning the circumstances and needs of the minor and the circumstances, needs, and incomes of the parents, absent the guidelines there would have existed no basis for awarding any retroactive child support during that period.

There is no merit to the cross-appeal.

## V. JUDGMENT

Accordingly, as observed in part I above, the judgment of the district court is affirmed.

AFFIRMED.