Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/01/2020 09:07 AM CDT

**State of Nebraska on behalf of Elijah K.,**
**a minor child, appellee, v. Marceline K.,**
**appellant, and John T., appellee.**

___ N.W.2d ___

Filed August 25, 2020.    No. A-19-981.

1. **Paternity: Appeal and Error.** In a filiation proceeding, the appellate
   court reviews the trial court's judgment de novo on the record to deter-
   mine whether there has been an abuse of discretion by the trial judge,
   whose judgment will be upheld in the absence of an abuse of discretion.
   In such de novo review, when the evidence is in conflict, the appellate
   court considers, and may give weight to, the fact that the trial judge
   heard and observed the witnesses and accepted one version of the facts
   rather than another.

2. **Paternity: Child Support: Appeal and Error.** A trial court's award
   of child support in a paternity case will not be disturbed on appeal in
   the absence of an abuse of discretion. On questions of law, however,
   the appellate court has an independent obligation to reach the correct
   conclusion.

3. **Child Support: Parties: Public Assistance.** The remedy specified in
   Neb. Rev. Stat. § 43-512.03 (Reissue 2016) is a means by which the
   State, as the real party in interest, may recover amounts which it has
   paid or is obligated to pay on behalf of a dependent child. Thus, the
   State's right to sue under § 43-512.03 is conditioned upon the payment
   of public assistance benefits for a minor child.

4. **Paternity: Limitations of Actions.** A guardian, next friend of the child,
   or the State is authorized to bring a paternity action on behalf of a child
   under Neb. Rev. Stat. § 43-1411(2) (Reissue 2016) within 18 years after
   the child's birth.

5. ____: ____. Neb. Rev. Stat. § 43-1411 (Reissue 2016) does not
   extend the statute of limitations for anyone other than the minor child
   involved.

- 773 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

6. **Paternity: Child Support.** Pursuant to Neb. Rev. Stat. § 43-1411 (Reissue 2016), the State, in its parens patriae role, may bring a paternity action on behalf of a minor child for future support.

7. \_\_\_\_: \_\_\_\_. Retroactive support is included in the support that the trial court may order under Neb. Rev. Stat. § 43-1412(3) (Reissue 2016).

8. **Paternity: Child Support: Public Assistance.** The State's right to sue under Neb. Rev. Stat. § 43-1411 (Reissue 2016) is not conditioned upon the payment of public assistance benefits for the minor child.

9. **Actions: Parties.** In an action filed by the State under Neb. Rev. Stat. § 43-1411 (Reissue 2016), the minor child is the real party in interest, and the State is authorized by statute to bring the action on the child's behalf.

Appeal from the District Court for Sarpy County: George A. Thompson, Judge. Affirmed.

Britt H. Dudzinski, of Lustgarten & Roberts, P.C., L.L.O., for appellant.

Jerome J. Ortman for appellee John T.

Pirtle, Bishop, and Welch, Judges.

Bishop, Judge.

## INTRODUCTION

Marceline K. appeals from the judgment of the Sarpy County District Court which established that she and John T. are the biological parents of their minor child, Elijah K., and ordered John to pay monthly child support. John was also ordered to pay child support retroactive to the filing of the complaint to establish paternity brought by the State of Nebraska in 2017. Marceline challenges the district court's decision to not order retroactive child support back to the date of Elijah's birth in 2011. We affirm.

## BACKGROUND

Marceline and John began a dating relationship in 2010; Elijah was born in September 2011. Since his birth, Elijah has lived with Marceline in Sarpy County, Nebraska. Marceline and John never married each other, nor lived together. John

- 774 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

was incarcerated from the time of Elijah's birth until Elijah was 6 months old. Marceline indicated that John first met Elijah in March 2012. For about 1 month, John briefly visited Elijah "a couple times a week." From then until August, John saw Elijah briefly "a few times." There were periods in 2012 and 2013 when Marceline and John ended and restarted dating. They tried to reconcile in August and September 2013, and John would have seen Elijah during that time. John saw Elijah for about 15 minutes on a day in October. Marceline and John ended their relationship sometime in 2013. John had no in-person contact and little telephone contact with Elijah over the next 4 years. At some point, John moved to North Carolina.

On September 11, 2017, the State, acting individually and also on behalf of Elijah, filed a complaint pursuant to Neb. Rev. Stat. §§ 43-512.03 and 43-512.04 (Reissue 2016), "and other pertinent Nebraska Statutes," to establish paternity of Elijah. The State alleged that Marceline and John were Elijah's biological parents and that both had an ongoing duty and obligation to support Elijah since Elijah's birth. Among other things, the State asked for entry of a judgment of paternity decreeing that John was Elijah's father and ordering John to pay current, prospective, and retroactive monthly child support.

In his answer, John admitted that he was Elijah's biological father and also alleged that he had two other minor children with a third party. In the same filing, John included a cross-complaint against Marceline regarding matters such as child custody and parenting time. Marceline also filed a cross-complaint against John seeking legal and physical custody of Elijah, child support and retroactive child support, and resolution of "other paternity-related issues."

Trial took place on August 2, 2019. Marceline and John had already reached agreement on many issues, including paternity, child custody, the amount of John's monthly child support obligation, and portions of parenting time. Among the remaining disputed issues for trial was the retroactivity of

- 775 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

child support, which is the sole issue on appeal. At the beginning of trial, the State indicated it did not have a position on that issue. The State said that at the time of trial and "for some time" since the matter had been filed, "there ha[d] been no public assistance." The State deferred to the district court on the issue. The State was then excused from trial without objection by either party; Marceline and John then proceeded to adduce evidence.

At the time of trial, Elijah was about a month shy of turning 8 years old. He was still living at the same residence in Nebraska with Marceline; Marceline's mother and grandmother also lived there. John was living in North Carolina with his wife and their two children, ages 3 and 4. Marceline's evidence, along with what we discussed above, was essentially that John spent limited time with Elijah.

John admitted that he had not contributed financial support to Elijah from when Elijah was born. He testified that he "wasn't in [Elijah's] life at that moment," and "[b]ack then" he was not financially stable, and they "were kids." Regarding child support, John's counsel questioned Marceline as follows:

Q. [by John's counsel] Did you personally file either of the lawsuits filed by the State of Nebraska?

A. [by Marceline] No, sir.

. . . .

Q. . . . [Y]ou've never done anything to pursue the paternity, have you?

A. Yes, I have.

Q. You filed a cross[-]complaint after the State filed the last time, correct?

A. No.

. . . .

Q. Well, didn't you file a cross[-]complaint?

A. Well, yes, that was after I filled out child support papers five times.

Q. Right because you were receiving public assistance?

A. No, sir.

- 776 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

Q. What were you receiving?

A. When [Elijah] was first born he got Medicaid. Other than that —

The parties agreed that John's monthly child support obligation, both for future and retroactive child support, should be $363 per month. Marceline wanted John to pay retroactive child support back to October 1, 2011, which was the first day of the month following Elijah's birth, at the rate of $108 per month. John conceded that he was willing to pay retroactive child support at that rate. However, he wanted child support to go back only to the first day of the month after he was served with the State's complaint.

On October 4, 2019, the district court issued a "Judgment of Paternity." Marceline and John were declared Elijah's biological parents. Marceline was awarded the legal and physical custody of Elijah, subject to John's parenting time as set forth in a parenting plan attached to the order. The district court noted that Marceline asked for an award of child support retroactive to Elijah's birth, whereas John asked that child support be awarded retroactively only to the date of the State's complaint.

The district court found that this action was brought by the State on behalf of Elijah pursuant to "Neb. Rev. Stat. §43-512 [sic] (Assistance for Certain Children)." The district court then stated:

Neither [Marceline] nor [John] has the ability to bring a paternity action as the statute of limitations has long since passed. As such, the cause of action for retroactivity belongs to the minor child *through the State* and not [Marceline]. The State's Complaint requests "an Order requiring [John] to pay current, prospective and retroactive monthly child support for said child." The State's interest in this matter occurred when [Marceline] began to receive public assistance. When this happened, the State received its statutory authority to file the paternity action. The record is unclear exactly when [Marceline]

- 777 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

began to receive aid. The Court finds that this date is important because the Dunkle Court limited retroactive child support to the date a mother began to receive public assistance. The Court therefore finds that the State, having failed to evince when [Marceline] began receiving aid, should be limited to retroactive child support back to the date of the filing of its Complaint through the minor child.

The district court further reviewed the determination of retroactivity under the district court's exercise of its equitable powers. It found that Marceline "failed to bring any paternity case during the four years after the birth of the child" and that "[w]hile she shouldered the burden of raising [Elijah], she also controlled when [John] would have contact with him." The district court observed that Marceline now sought to enforce a judgment which was a "financial detriment" to John. "Any amount of retroactive child support would be askew from the proper amount due each year from the child support guidelines given the number of years and variability of income for the parties during these years." The district court added that the lump sum would be significant and that John would have an "inability to pay such an amount for anything due prior to the filing of the [State's] [c]omplaint." The district court found it was equitable to limit the award of retroactive child support to October 1, 2017, the first day of the month after the State filed its complaint.

John was ordered to pay child support of $358 per month, retroactive to October 1, 2017; although the district court indicated it found the parties' stipulation to a monthly child support amount ($363 per month) to be "acceptable," it based the ordered amount of $358 per month on its own, slightly different, child support calculation and attached its calculation to its order. Marceline does not assign error to this calculation. In addition to John's regular child support obligation, beginning on October 1, 2019, he was to pay an additional $108 per month toward the child support arrearage owed as

- 778 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

a result of the retroactive child support ordered until the arrearage was paid in full.

Marceline appeals.

## ASSIGNMENTS OF ERROR

Marceline claims the district court erred by (1) denying her request to make child support retroactive to Elijah's date of birth and (2) determining that John was unable to pay retroactive child support.

## STANDARD OF REVIEW

[1] In a filiation proceeding, the appellate court reviews the trial court's judgment de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. *State on behalf of Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425 (1998), *overruled on other grounds, State on behalf of Miah S. v. Ian K.*, 306 Neb. 372, 945 N.W.2d 178 (2020). In such de novo review, when the evidence is in conflict, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

[2] A trial court's award of child support in a paternity case will not be disturbed on appeal in the absence of an abuse of discretion. *Id.* On questions of law, however, the appellate court has an independent obligation to reach the correct conclusion. *Id.*

## ANALYSIS

Marceline claims the district court abused its discretion by (1) not making child support retroactive to Elijah's date of birth and (2) finding that John was unable to pay retroactive child support back to that date.

Marceline argues that the district court "incorrectly" stated in its order that this action was brought pursuant to Neb. Rev. Stat. § 43-512 (Reissue 2016), "while the actual [complaint] cites Nebraska Revised Statute § 43-513.02 [sic], which

- 779 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

authorizes a county attorney to establish paternity and collect child and medical support on behalf of children born out of wedlock, as here." Brief for appellant at 13. She believes the State did not need to further evince when she began receiving aid, claiming she "never" received "aid or public assistance." *Id.* She asserts that because the State's complaint was filed "correctly" under "§ 43-513.02 [sic]," the district court's determination that public assistance was relevant to an award of retroactive child support was an abuse of discretion. Brief for appellant at 13.

[3] The State, acting individually and also on behalf of Elijah, filed its complaint pursuant to §§ 43-512.03 and 43-512.04, "and other pertinent Nebraska Statutes." Section 43-512.03 provides for various types of child support enforcement actions. Under § 43-512.03(1), the county attorney or authorized attorney shall:

(a) On request by the Department of Health and Human Services [after its periodic review of cases of individuals receiving enforcement services] or when the investigation or application filed under section 43-512 or 43-512.02 justifies, file a complaint against a nonsupporting party in the district, county, or separate juvenile court praying for an order for child or medical support in cases when there is no existing child or medical support order. After notice and hearing, the court shall adjudicate the child and medical support liability of either party and enter an order accordingly;

(b) Enforce child, spousal, and medical support orders by an action for income withholding pursuant to the Income Withholding for Child Support Act;

(c) In addition to income withholding, enforce child, spousal, and medical support orders by other civil actions or administrative actions, citing the defendant for contempt, or filing a criminal complaint;

(d) Establish paternity and collect child and medical support on behalf of children born out of wedlock; and

(e) Carry out sections 43-512.12 to 43-512.18.

- 780 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

Section 43-512.04 relates to the procedure involved and manner of proceedings in an action for child support or medical support. These statutes appear under the article titled "Assistance for Certain Children" and are part of a collection of provisions that are to be construed to be "new, supplemental, and independent legislation upon the subjects of assistance and services for delinquent, dependent, and medically handicapped children." See Neb. Rev. Stat. § 43-501 (Reissue 2016). A dependent child is one who receives or is entitled to receive public assistance. See, Neb. Rev. Stat. § 43-504(1) (Reissue 2016); *State on behalf of Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425 (1998), *overruled on other grounds, State on behalf of Miah S. v. Ian K.*, 306 Neb. 372, 945 N.W.2d 178 (2020). The remedy specified in § 43-512.03 is a means by which the State, as the real party in interest, may recover amounts which it has paid or is obligated to pay on behalf of a dependent child. *State on behalf of Hopkins v. Batt, supra*. Thus, the State's right to sue under § 43-512.03 is conditioned upon the payment of public assistance benefits for a minor child. See *State on behalf of Hopkins v. Batt, supra*.

The State filed its complaint under the authority given to it by § 43-512.03. Section 43-512.03(1)(d) allows the State to establish paternity and collect child support on behalf of Elijah. However, the State's right to an action under that section was conditioned on the State having provided or being obligated to provide Elijah public assistance during some time period. See *State on behalf of Hopkins v. Batt, supra*.

The State did not allege in its complaint that Elijah ever received or was entitled to receive public assistance. Although it is not evidence, it is worth noting the State's comment at trial that at that time and "for some time" since the matter had been filed, "there ha[d] been no public assistance." The State did not have a position on retroactive child support. Further, the only trial evidence regarding this topic was Marceline's testimony that when Elijah was "first born," he received Medicaid, and her indication that she was not receiving public assistance at the time she filed her cross-complaint, which was about 10

- 781 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

months after the State filed its complaint. We agree with the district court's finding that the record is "unclear" as to when Marceline began to receive aid for Elijah's benefit; however, as we will explain next, such evidence is not pertinent to our disposition of this appeal.

By the time of trial, the State had no position on the retroactivity of child support, presumably because it was no longer seeking recovery for itself of public assistance amounts, if any, that it paid or would be paying on behalf of Elijah. See *id.* (under § 43-512.03, State, as real party in interest, may recover amounts it has paid or is obligated to pay on behalf of dependent child). In fact, given that the State took no position on the issue during trial, the State's counsel was excused from trial shortly after it began. There is no question that under § 43-512.03, the State was limited to recover only amounts it had paid or was obligated to pay on behalf of Elijah, and there was no evidence of such past payments or future obligations. See *State on behalf of Hopkins v. Batt, supra* (as real party in interest under § 43-512.03, State may recover amounts which it has paid or is obligated to pay on behalf of dependent child). Therefore, we do not agree with the district court that retroactive child support could be awarded under § 43-512.03, given the lack of evidence adduced by the State as to public assistance amounts the State paid or was obligated to pay on behalf of Elijah.

[4,5] However, Marceline, John, and the district court also refer to other statutes and cases related to the application of Neb. Rev. Stat. § 43-1411 (Reissue 2016). Under § 43-1411, a civil proceeding to establish the paternity of a child may be instituted by (1) the mother or alleged father of such child, either during pregnancy or within 4 years after the child's birth or (2) the guardian or next friend of such child or the State, either during pregnancy or within 18 years after the child's birth. As correctly pointed out by the district court, Marceline and John were time barred from filing such an action under § 43-1411(1) in their individual capacities. But a guardian, next friend of the child, or the State was authorized to bring

- 782 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

an action on Elijah's behalf within 18 years after his birth. See § 43-1411(2). See, also, *State on behalf of S.M. v. Oglesby*, 244 Neb. 880, 510 N.W.2d 53 (1994) (§ 43-1411 does not extend statute of limitations for anyone other than minor child involved). And while the State did not specifically allege that it was filing its complaint under § 43-1411, it can be construed to have generally done so by stating that its complaint was brought individually and "also on behalf of [Elijah]" pursuant to §§ 43-512.03 and 43-512.04, "and other pertinent Nebraska Statutes."

[6-9] The Nebraska Supreme Court has construed § 43-1411 as a means by which the State, in its parens patriae role, may bring a paternity action on behalf of a minor child for future support. See, *State on behalf of Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425 (1998), *overruled on other grounds, State on behalf of Miah S. v. Ian K.*, 306 Neb. 372, 945 N.W.2d 178 (2020); *State on behalf of B.A.T. v. S.K.D.*, 246 Neb. 616, 522 N.W.2d 393 (1994); *State on behalf of S.M. v. Oglesby, supra*. Where paternity is established in an action commenced under Neb. Rev. Stat. § 43-1412 (Reissue 2016), the court shall retain jurisdiction and order the father to pay support, court costs, and reasonable attorney fees. This court has held that retroactive support is included in the support that the trial court may order under § 43-1412(3). See *Henke v. Guerrero*, 13 Neb. App. 337, 692 N.W.2d 762 (2005). In contrast to § 43-512.03, the State's right to sue under § 43-1411 is not conditioned upon the payment of public assistance benefits for the minor child. *State on behalf of Hopkins v. Batt, supra*. And, in an action filed by the State under § 43-1411, the minor child is the real party in interest, and the State is authorized by statute to bring the action on the child's behalf. See *State on behalf of Hopkins v. Batt, supra*.

Therefore, evidence of whether and when Marceline received public assistance or was eligible to receive public assistance on behalf of Elijah is irrelevant to a claim brought by the State under § 43-1411 on behalf of Elijah in terms of Elijah's right to past, present, and future child support. See *State on behalf*

- 783 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

*of Hopkins v. Batt, supra*. We recognize that § 43-1411 was not specifically pled by the State in its complaint, nor was any argument made by the State to the district court related to this statute. Rather, the State abandoned any claim for itself or on behalf of Elijah related to retroactive child support. As such, it is understandable that the district court focused on applying § 43-512.03 when considering retroactivity rather than applying § 43-1411 to the evidence presented.

That said, as previously noted, this court has held that retroactive support is included in the support that the trial court may order under § 43-1412(3). See *Henke v. Guerrero, supra*. Therefore, the district court had the authority to award retroactive child support on behalf of Elijah in this case pursuant to § 43-1412(3), but, notably, the State has not appealed the district court's rationale and decision limiting retroactive child support to the month following commencement of the State's action. And as correctly stated by the district court in its order, "the cause of action for retroactivity belongs to the minor child *through the State* and not [Marceline]." Since the State is the party that filed on behalf of Elijah, and the State did not appeal the district court's decision related to retroactive support, the question is whether Marceline can do so. As we explain next, we conclude she cannot.

As already discussed, neither Marceline nor John could bring an action in her or his own right pursuant to § 43-1411 to establish paternity and support, as the 4-year statute of limitations had long since passed. Only a guardian, next friend of a minor child, or the State could bring such an action within 18 years after the child's birth. The State did in fact file its action in this case in its individual capacity and on behalf of Elijah. Marceline, however, brought her cross-complaint only in her individual capacity; she did not bring her action on behalf of Elijah. In her cross-complaint, Marceline pled: "Defendant Mother, [Marceline], pursuant to Neb. Rev. Stat. Section 43-1411, et. seq., for her cause of action against the Defendant Father, states as follows[.]" Marceline asserts "her" cause of action against John, and nowhere in her cross-complaint

- 784 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
STATE ON BEHALF OF ELIJAH K. v. MARCELINE K.
Cite as 28 Neb. App. 772

does Marceline assert any cause of action on behalf of Elijah. Marceline's individual right to bring "her" cause of action under § 43-1411 to establish paternity and support was time barred. While Marceline may have been able to file as next friend on behalf of Elijah to state a claim for his right to retroactive support, she did not do so. See, e.g., *Sylvis v. Walling*, 248 Neb. 168, 532 N.W.2d 312 (1995) (cause of action for retroactive support of child born out of wedlock belongs not to mother, but to child; mother brought action as next friend of child after 4-year statute of limitations but before minor child's 18th birthday, so action was not time barred). Marceline, in her individual capacity, cannot appeal a right belonging to Elijah when she failed to join the action on his behalf as his next friend. Instead, only the State was positioned to assert any claims on behalf of Elijah, and it has elected to not appeal any aspect of the district court's decision.

Accordingly, we need not further address Marceline's arguments related to retroactive child support.

## CONCLUSION

The October 4, 2019, judgment of the district court is affirmed.

Affirmed.